DECISION
{¶ 1} Plaintiff-appellant, Marlene Campbell, appeals from a judgment of the Ohio Court of Claims granting summary judgment in favor of appellee, The Ohio State University Medical Center ("OSU").
 {¶ 2} The present action arises out of an incident in which appellant, who was then an in-patient undergoing mental health treatment at Harding Hospital ("Harding"), was injured in November 1999 when she was assaulted and beaten by another patient.[1] Harding, formerly a privately owned facility, had recently been acquired by OSU at the time of the incident.
 {¶ 3} This action originated with a complaint in the Ohio Court of Claims that was ultimately dismissed on November 13, 2002, then refiled naming appellee as defendant on November 21, 2002. The complaint as it stood at that time contained only a single claim on a theory of medical negligence. Appellee filed a motion for summary judgment on August 6, 2003, addressing only this sole count of the complaint. Appellant subsequently filed a motion for leave to file an amended complaint on September 22, 2003, adding claims for negligent infliction of emotional distress, general negligence, premises liability, and a violation of Ohio's Patient Bill of Rights, R.C. 5122.29 et seq. The trial court granted the motion by entry on October 28, 2003.
 {¶ 4} Appellant then filed a memorandum in opposition to summary judgment on November 7, 2003, noting, inter alia, that appellee's motion for summary judgment should be considered a motion for partial summary judgment, given the added claims set forth in the amended complaint that were necessarily not addressed in the original motion for summary judgment that predated the amended complaint. Appellee filed an answer to the amended complaint addressing the additional claims on November 12, 2003. The trial court rendered a decision in favor of appellee on December 19, 2003. The trial court decision notes that at a status conference held December 3, 2003, "the court was informed that defendant intends to rely on the arguments made and the evidence submitted in connection with the August 6, 2003, motion for summary judgment even though plaintiff has set forth new legal theories in the amended complaint." Campbell v. OhioState Univ. Med. Cntr., Ohio Court of Claims No. 2002-10232, 2003-Ohio-7124. The court then addressed and decided the five claims in the amended complaint, granting summary judgment for appellee on all.
 {¶ 5} Appellant has timely appealed and brings the following assignments of error:
Assignment of Error I
The trial court erred in granting the motion for summary judgment of the Ohio State University Medical Center on all of appellant's legal theories sua sponte.
Assignment of Error II
The trial court erred in granting the motion for summary judgment of the Ohio State University Medical Center where genuine issues of material fact, discovered only after the motion was filed, exist.
 {¶ 6} Appellant's two assignments of error address distinct issues in the case: first, whether summary judgment on appellant's original claim for medical negligence was appropriate based upon the evidence before the court; and second, whether the trial court properly granted summary judgment on the four additional claims set forth in appellant's amended complaint, since those claims were only set forth after appellee had made its motion for summary judgment and were accordingly not explicitly addressed in either the motion for summary judgment or in the memorandum in support submitted by appellee.
 {¶ 7} We first address appellant's second assignment of error, which asserts that the trial court erred in granting summary judgment on the original medical negligence claim. Civ.R. 56(C) states that summary judgment shall be granted if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 8} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial.
 {¶ 9} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds.Dresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38.
 {¶ 10} In order to support a cause of action for medical negligence, appellant must show the existence of an applicable standard of care within the medical community, a breach of that standard of care by the defendant, and that such breach was the proximate cause of the injury sustained. Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127,131. Expert testimony is generally necessary to prove the elements of medical negligence where the factors involved are beyond the common knowledge and understanding of the jury. Clark v. Doe (1997),119 Ohio App.3d 296,307. In keeping with the standard for summary judgment set forth above, once expert testimony is produced by a defendant in support of a motion for summary judgment, the plaintiff must submit counterbalancing expert testimony to demonstrate the existence of a material issue of fact on each of the elements of a medical negligence claim addressed by the defendant's evidence, unless the standard of care in the case is so obvious that non-experts could reasonably be expected to evaluate the impact of the defendant's conduct. Jones v. Schirmer (July 17, 2001), Franklin App. No. 00AP-1330.
 {¶ 11} The medical negligence claim is identical in the original complaint and the subsequent amended complaint, and alleges that appellee failed to provide care meeting the standard of care for appellant's condition, and that this breach of standard of care was the proximate cause of appellant's injury. The breach alleged was that appellee had failed to protect appellant from assault at the hands of Patient A when Patient A had a known propensity for violent behavior, was institutionalized after setting a fatal fire, and had assaulted another patient the day before assaulting appellant. Based upon Patient A's condition and behavior, appellant asserts both that Patient A was not medicated or treated properly and should not have been allowed to mingle unrestrained with the other patients, thus exposing appellant to the risk of physical assault.
 {¶ 12} Appellee presented expert testimony via affidavit in support of its motion for summary judgment to establish that there had been no breach of the applicable standard of care in its care of appellant, including the decision to allow Patient A relatively unrestrained access to patient common areas of the hospital with appellant. In opposition to the motion for summary judgment, appellant filed, essentially, only her own deposition testimony. Appellant attempted to submit various unsworn evidentiary materials, including a note written by Patient A in a related case before the common pleas court and an opinion letter from a physician, Dr. Beck, who had earlier been contacted in connection with the case but was not at the time of summary judgment serving as appellant's expert. These additional materials were apparently not considered by the trial court.
 {¶ 13} Civ.R. 56(C) provides that the following evidence may be considered when deciding a summary judgment motion: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations." The rule, therefore, does not contemplate reliance upon unsworn evidence of the type submitted by appellant. For this reason, the two most significant pieces of evidence upon which appellant would have the court rely, the opinion letter of Dr. Beck and the pleading filed by Patient A in the separate civil action filed by appellant in the Franklin County Court of Common Pleas, are not "evidence" as contemplated by Civ.R. 56(C) in the present case.
 {¶ 14} It does not appear in dispute that the expert opinion submitted in support of summary judgment by appellee, if unrebutted, is sufficient to establish the absence of any breach of the applicable standard of care in the present case. The deposition testimony of appellant, while setting forth much information regarding the circumstances of her injuries, does not speak to the standard of care or specifically to the treatment of Patient A by appellee prior to the assault, a topic that is in any case outside the sphere of appellant's personal knowledge. The other materials submitted in opposition to summary judgment by appellant are not proper for consideration by a court in summary judgment context. Based upon the materials submitted to the Court of Claims by the parties, therefore, there remained no material issue of fact to be resolved at trial on the question of whether appellee had breached the applicable standard of care, and thus the record supports summary judgment for appellee on this basis on the medical negligence claim.
 {¶ 15} In addition to arguing the absence of any breach of the applicable standard of care, appellee argues that liability for the assault is precluded by R.C. 2305.51, which limits the liability of mental health service providers for injuries caused by their patients:
(B) A mental health professional or mental health organization may be held liable in damages in a civil action, or may be made subject to disciplinary action by an entity with licensing or other regulatory authority over the professional or organization, for serious physical harm or death resulting from failing to predict, warn of, or take precautions to provide protection from the violent behavior of a mental health client or patient, only if the client or patient or a knowledgeable person has communicated to the professional or organization an explicit threat of inflicting imminent and serious physical harm to or causing the death of one or more clearly identifiable potential victims, the professional or organization has reason to believe that the client or patient has the intent and ability to carry out the threat, and the professional or organization fails to take one or more of the following actions in a timely manner:
* * *
(3) Establish and undertake a documented treatment plan that is reasonably calculated, according to appropriate standards of professional practice, to eliminate the possibility that the client or patient will carry out the threat, and, concurrent with establishing and undertaking the treatment plan, initiate arrangements for a second opinion risk assessment through a management consultation about the treatment plan with, in the case of a mental health organization, the clinical director of the organization, or, in the case of a mental health professional who is not acting as part of a mental health organization, any mental health professional who is licensed to engage in independent practice[.]
 {¶ 16} The record is devoid of any evidence that Patient A had "communicated * * * an explicit threat of inflicting imminent and serious physical harm to * * * one or more clearly identifiable potential victims." In fact, appellant's own deposition indicates that she was herself unaware of such a specific threat. While there is some evidence in the deposition of attending physicians and nurses at Harding that Patient A had assaulted another patient the day before the assault on appellant, and appellant now argues that this should be taken as evidence that Patient A was a danger to appellant that should have been recognized and dealt with before appellant's injuries, this is not evidence of a specific threat towards the eventual victim that is required by R.C. 2305.51 as a prerequisite to liability. Application of this statute also supports summary judgment for appellee on the medical negligence claim, because even if appellant were to show a breach of the applicable standard of care, the path to recovery is blocked by R.C. 2305.51
because of the agency by which the actual harm to appellant was inflicted: an assault by a fellow patient, for which the statute specifically shelters appellee from liability.
 {¶ 17} In summary, both on the ground that appellant has not presented evidence supporting a breach of the standard of care, and on the ground that R.C. 2305.51 precludes liability, we find that the Court of Claims did not err in granting summary judgment for appellee on the medical negligence claim. Appellant's second assignment of error is accordingly overruled.
 {¶ 18} We now turn to appellant's first assignment of error, which asserts that the remaining four claims in the amended complaint were essentially subjected to sua sponte summary judgment by the trial court in that they were decided without being addressed in appellee's motion for summary judgment. Appellant stresses that she had clearly indicated to the trial court in her filings that she did not expect the remaining claims to be addressed in the summary judgment ruling, and that she was accordingly not offered an opportunity to present evidentiary materials and argument in opposition to summary judgment on those claims.
 {¶ 19} Two possible interpretations of the chronology of trial court summary judgment proceedings may be made. The most convenient view would be to find that the trial court's comments regarding the December 3rd status conference indicate that the court considered appellee's intent to "rely on previously submitted arguments and evidence" as an oral modification of the summary judgment motion to encompass the new claims. Under this view, the court allowed 14 days for appellant to file additional materials in response to the modified motion, as required by Civ.R. 56(C), and then held its non-oral hearing and granted judgment on December 19th to appellee on the motion encompassing all claims. Unfortunately, apart from the trial court's brief and imprecise comment in its decision, there is nothing in the record to establish that appellant was on notice that the additional claims were at risk of being disposed of in this fashion, while to the contrary we have appellant's explicit statement in her memorandum contra summary judgment that she considered the additional claims to be outside the scope of the motion to which she was responding. While we are called upon to "presume the regularity of proceedings in the court below," Ashcraft v. Univ.of Cincinnati Hosp., Franklin App. No. 02AP-1353, 2003-Ohio-6349, at ¶ 25, we are not required to do so without analysis and accordingly we reject this analysis of the trial court proceedings.
 {¶ 20} The alternative view is that the court's actions could be considered a sua sponte grant of summary judgment on the additional claims because the state of the evidence established that there remained no genuine issue of material fact on any of the claims and the disposition of the medical negligence claim on R.C. 2305.51 grounds was preclusive of the others.
 {¶ 21} If the court granted summary judgment sua sponte on the four additional claims in the amended complaint, this is the equivalent of granting summary judgment to a nonmoving party, a procedural step under Civ.R. 56 that Ohio courts have understandably been extremely reluctant to grant. Besser v.Griffey (1993), 88 Ohio App.3d 379, 382-383. However, the Supreme Court of Ohio has opened the door to summary judgment in favor of nonmoving parties under limited and clearly defined circumstances:
* * * While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party * * * [such] an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. * * *
State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers'Comp. (1986), 27 Ohio St.3d 25,28; accord Stateex rel. Newell v. Cuyahoga Cty. Court of Common Pleas (1997),77 Ohio St.3d 269. While most cases on this form of sua sponte summary judgment involve a reciprocal situation in which the party defending against a summary judgment motion is deemed by the trial court to have gone beyond defending a summary judgment motion and in fact to have established that it is entitled to judgment as a matter of law based on the evidence presented by the moving party, the reasoning is applicable to situations in which additional claims not originally addressed in the summary judgment motion are effectively precluded by the outcome on the sole claim addressed.
 {¶ 22} The trial court, in ruling on the four additional claims in the amended complaint, found that appellee was not liable because R.C. 2305.51 limits the liability of mental health service providers for injuries caused by their patients, and all four additional claims, even if based on varying theories of recovery, were ultimately premised upon the injuries inflicted by Patient A. We agree, although we address the final claim, under Ohio's Patient Bill of Rights, separately from the negligent infliction of emotional distress, general negligence, and premises liability claims.
 {¶ 23} With respect these three claims, we begin by noting that, in order to sustain her initial medical negligence claim, appellant was required to present evidence to meet the limited circumstances for liability under R.C. 2305.51. We have concluded that she failed to do so. The absence of sufficient evidence to meet the standard required by R.C. 2305.51 as a bar to liability for patient assaults is equally applicable to appellant's negligent infliction of emotional distress claims, general negligence, and premises liability, since all of these claims devolve, as did the medical negligence claim, from the alleged assault by Patient A upon appellant. The evidence necessary to avoid the application of R.C. 2305.51 to the remaining claims would be identical to that required to sustain the medical negligence claim in the face of the statute. This therefore appears to be the type of case contemplated by the Supreme Court of Ohio in which no procedural prejudice arises because the party opposing summary judgment has had the opportunity — in this case, the obligation — to produce all necessary evidence to defeat summary judgment on all claims, even if not enumerated in the original motion, prior to the court's final determination. There is no lack of due process in addressing the additional claims under these circumstances, as other courts have noted in applying the Supreme Court's decision in Cuyahoga Cty. Hosp., supra:
Upon consideration of all these decisions, we believe that, as a general rule, courts should refrain from granting summary judgment to a nonmoving party. Nevertheless, a grant of summary judgment to a nonmoving party is appropriate "where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the nonmoving party is entitled to judgment as a matter of law." * * * A court which is considering granting summary judgment to a nonmoving party must make sure, however, that the party whom it is considering entering summary judgment against has had a fair opportunity to present both evidence and arguments against the grant of summary judgment to the nonmoving party. * * *
State ex rel. Moyer v. Montgomery Cty. Bd. of Commrs. (1995),102 Ohio App.3d 257, 267. (Emphasis sic.) We accordingly find that the trial court did not err in granting summary judgment on appellant's claims for negligent infliction of emotional distress, general negligence, and premises liability.
 {¶ 24} The fifth and final count of appellant's amended complaint invites a slightly different analysis, because it relies upon Ohio's Patient Bill of Rights, codified at R.C.5122.29:
All patients hospitalized or committed pursuant to this [C]hapter have the following rights:
* * *
(B) The right at all times to be treated with consideration and respect for his privacy and dignity, including without limitation, the following:
* * *
(2) A person who is committed, voluntarily or involuntarily, shall be given reasonable protection from assault or battery by any other person.
 {¶ 25} Because R.C. 5122.29 appears to set a lower threshold for liability than R.C. 2305.51, appellant argues that it presents a cause of action in derogation of the general limitation on liability under R.C. 2305.51, and is not limited by that section. A cause of action under the Patient Bill of Rights, appellant asserts, could therefore survive summary judgment in this even if the other claims were barred thereby.
 {¶ 26} The standard set forth in the two statutes appears difficult to reconcile or harmonize. R.C. 2305.51 requires prior knowledge by the institution or caregiver of a specific threat of violence towards the victim. R.C. 5122.29, on the other hand, requires "reasonable protection from assault or battery," a much more loosely defined duty for tort purposes. Because both statutes are quite specific on the conduct affected and liability arising therefrom, we are not helped by the general rule of statutory interpretation that would cause us to give effect to a specific statute over a general one. As such, we retreat to the rule of statutory construction of last resort, that where two statutes conflict the more recently enacted prevails over its predecessor. R.C. 2305.51 became effective in 1999, whereas R.C.5122.29 was last amended in 1989. The Ohio General Assembly is presumed to legislate and pass enactments with knowledge of all prior statutes that may affect or interact with the new enactment. Charles v. Fawley (1904), 71 Ohio St. 50. Because the two statutes essentially cannot be reconciled as far as the standard to be applied to a mental health caregiver for liability for assault by one patient upon another, the more recent provisions of R.C. 2305.51 will be given effect. This causes us to conclude that the trial court did not err in concluding that R.C. 2305.51 also barred recovery under appellant's Patient Bill of Rights claim, again because of the lack of evidence of any specific threat by Patient A towards appellant.
 {¶ 27} In conclusion, we find that appellant had a full opportunity to develop evidence in support of the four additional claims set forth in the amended complaint, at least insofar as the preclusive application of R.C. 2305.51 is concerned, that despite this opportunity no evidence maintaining a genuine issue of material fact was produced, and the trial court correctly concluded that due to the application of R.C. 2305.51 there remained no genuine material issue of fact not only with respect to appellant's claim for medical negligence, but with respect to appellant's claims for negligent infliction of emotional distress, general negligence, premises liability, and violation of Ohio's Patient Bill of Rights. We find that that the trial court correctly awarded summary judgment in favor of appellee on these claims, and appellant's first assignment of error is accordingly overruled.
 {¶ 28} In accordance with the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Ohio Court of Claims granting summary judgment in favor of appellee is affirmed.
Judgment affirmed.
Lazarus, P.J., and Bowman, J., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] While the name of the alleged assailant appears in appellant's brief in this appeal, it appears that early in this litigation the trial court imposed an order barring use of the assailant's name, and she was referred to as "Patient A" thereafter by the court and parties. While it is uncertain whether the trial court's order is still in effect on this question, we resolve it in favor of patient anonymity and will refer to the alleged assailant accordingly.