OPINION
{¶ 1} Plaintiff-appellant, Alan Williams ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees, Warren Lo, M.D., Nationwide Children's Hospital, Ben *Page 2 
Bringardner, M.D., Anna Gray, M.D., and Cathy Steffan (collectively, "appellees"). For the following reasons, we affirm the trial court's judgment.
 {¶ 2} On April 13, 2007, appellant filed a complaint against appellees for acts related to the death of his daughter, Lakisha Williams. The complaint alleged wrongful death, constitutional violations, assault and battery, interference with family relations, false imprisonment, obstruction of justice, RICO violations, and Americans with Disabilities Act violations.
 {¶ 3} On September 13, 2007, appellees moved for summary judgment on each cause of action. In support, appellees submitted affidavits of Dr. Lo and Kathleen Dunn. Dr. Lo's affidavit stated that, in his opinion, the treatment Lakisha received from appellees met all applicable standards of medical care. Ms. Dunn's affidavit stated that Nationwide Children's Hospital ("Children's") is a private hospital.
 {¶ 4} On September 28, 2007, appellant moved for leave to amend his complaint as to Dr. Lo. Appellant also filed a memorandum contra appellees' motion. In support, appellant attached the April 29, 2004 affidavit of Alan K. Percy, M.D. In his affidavit, Dr. Percy described Lakisha's medical conditions and the care she received at Children's.
 {¶ 5} On October 15, 2007, the court granted appellees' motion for summary judgment. The court also denied appellant's motion for leave to amend his complaint.
 {¶ 6} Appellant, pro se, filed a timely appeal and raises the following assignments of error:
 First Assignment of Error *Page 3 
 The Trial Court erred in denying [appellant] to Proceed Res ipsa loquitor nor answer motion to accept relevance of law of another State and reliance on foreign law. *Page 4 
 Second Assignment of Error
 The judge demeanor was rude and he was bias among other things stated below.
 Third Assignment of Error
 Court Erred in granting Summary Judgment on the ground that [appellant] had no genuine issue as to material fact, nor Prima Facie Case. No reasonable time for discovery under the circumstances, and against the manifest weight of the evidence. * * *
 Fo[u]rth Assignment of Error
 The court Erred in granting Summary Judgment on ground that [appellant] had no evidence. * * *
 Fifth Assignment of Error
 Court Erred in allowing Dr. Warren Lo Affidavit and of Attorney Kathleen Dunn * * *.
 Sixth Assignment of Error
 The court erred in denying the Constitutional claims and the other civil violation claims all listed under this sixth assignment of error.
 Seventh Assignment of Error
 Court Erred in denying [appellant] to Amend his complaint.
 Eight[h] Assignment of Error
 Court Erred in denying [appellant] to Amend his Memorandum Contra * * *.
 Ninth Assignment of Error
 Court Erred in denying the [appellant] an extension of time to submit an affidavit of merit, using discouraging tactic's that if the [appellant] were to obtain an affidavit after the judge ordered that he would not grant him time, [Appellant] would be wasting his time trying to obtain one since the judge had already said no extension. Appellant/Plaintiff was not given discovery time to obtain proper records. *Page 5 
 Tenth Assignment of Error
 Court ruled as if the [appellant] had only a Medical Malpractice Claim[.] * * *
 Eleventh Assignment of Error
 Court Erred in claiming that the [appellant] voluntarily signed an informed consent * * *
 Twelfth Assignment of Error
 Court did not address the [appellees'] failure to report child abuse and neglect * * *
 Thirteenth Assignment of Error
 Court Erred in claiming immunity in malicious reporting to Children Services * * *.
 Fourteenth Assignment of Error
 [unintelligible]
 Fifteenth Assignment of Error
 The attorney's never followed the Loc R. 47.01 Informal Discovery[.]
 {¶ 7} We review a summary judgment de novo. Koos v. Cent. OhioCellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. Coventry Twp.v. Ecker (1995), 101 Ohio App.3d 38, 41-42. *Page 6 
 {¶ 8} Pursuant to Civ. R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt, 75 Ohio St.3d 280, 292,1996-Ohio-107. Once the moving party meets its initial burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. Id. at 293. Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, quotingNorris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 10} In his first assignment of error, appellant alleges that the court erred by denying him the ability to proceed without an affidavit of merit and to proceed under the doctrine of res ipsa loquitor. While apparently recognizing that claims of medical *Page 7 
malpractice require an affidavit of merit, appellant argues that his complaint raised additional claims that did not require an affidavit and that the court ignored these additional claims. We disagree.
 {¶ 11} On a claim of medical malpractice, a plaintiff must show the existence of a standard of care within the medical community, breach of that standard by a defendant, and proximate cause between the medical negligence and the injury. Campbell v. Ohio State Univ. Med. Ctr., Franklin App. No. 04AP-96, 2004-Ohio-6072, ¶ 10; Jones v. Schirmer (July 17, 2001), Franklin App. No. 00AP-1330, citing Taylor v. McCullough-HydeMemorial Hosp. (1996), 116 Ohio App.3d 595, 599. Expert testimony is generally required to prove the elements of medical malpractice whenever those elements are beyond the common knowledge and understanding of the trier of fact. Campbell at ¶ 10, citing Clark v. Doe (1997),119 Ohio App.3d 296, 307. Once expert testimony is produced in support of a motion for summary judgment, the non-moving party must submit contrary expert testimony to withstand summary judgment, unless the standard of care is so obvious that non-experts can reasonably evaluate the defendant's conduct. Campbell at ¶ 10, citing Jones.
 {¶ 12} Here, appellees presented Dr. Lo's affidavit as support for summary judgment. In response, appellant presented no expert testimony on the elements of medical malpractice. Rather, appellant made his own assertions about appellees' care of Lakisha. He also submitted Dr. Percy's 2004 affidavit, which did not address or rebut Dr. Lo's affidavit, did not address the applicable standards of care, and did not state that appellees breached those standards. *Page 8 
 {¶ 13} Appellant's memorandum contra also referred to the doctrine of res ipsa loquitor, as does his brief here. The doctrine of res ipsa loquitor is a rule of evidence that allows a plaintiff to prove negligence circumstantially upon showing the following: (1) the instrumentality that caused the harm was in the exclusive control of the defendants; and (2) the event that caused the harm was not of the type that would normally occur in the absence of negligence. Bowden v.Annenberg, Hamilton App. No. C-040499, 2005-Ohio-6515, ¶ 41. Appellant presented insufficient evidence to support reliance on the doctrine here. Appellant presented no admissible evidence showing the cause of harm to Lakisha or appellees' exclusive control of that cause. He also failed to present evidence that the harm was of a type that normally would not occur in the absence of negligence. Therefore, we find no error in the trial court's implied rejection of the doctrine of res ipsa loquitor in this case.
 {¶ 14} We also disagree with appellant's assertion that the trial court ignored appellant's claims that did not relate to medical malpractice. The trial court discussed and resolved each of those claims independently. Therefore, we overrule appellant's first assignment of error.
 {¶ 15} In his second assignment of error, appellant asserts that the trial judge was biased. We have no jurisdiction to address this argument.
 {¶ 16} The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased and prejudiced. Section 5(C), Article IV, Ohio Constitution. R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.Vera v. Yellowrobe, Franklin App. No. 05AP-1081, 2006-Ohio-3911, ¶ 54, *Page 9 
and cases cited therein. We have no jurisdiction to address appellant's claim through this appeal. Id.; State v. Melhado, Franklin App. No. 05AP-272, 2006-Ohio-641, ¶ 11. Therefore, we overrule appellant's second assignment of error.
 {¶ 17} In his third assignment of error, appellant generally asserts that the court erred in granting summary judgment. In support, appellant asserts that the court should have liberally construed his pleadings and evidence, given his status as a pro se litigant. If the court had done so, appellant argues, "the prima facie case would have been self evident as it is."
 {¶ 18} We have already rejected appellant's assertions concerning res ipsa loquitor and judicial bias. Furthermore, while we acknowledge appellant's status as a pro se litigant, we note that Ohio courts hold pro se litigants to the same rules and procedures as those litigants who retain counsel. Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes. City of Whitehall v.Ruckman, Franklin App. No. 07AP-445, 2007-Ohio-6780, ¶ 21. In any event, we find no evidence in the record to support appellant's general assertions of mistreatment. Therefore, we overrule appellant's third assignment of error.
 {¶ 19} In his fourth assignment of error, appellant asserts that the trial court erred in determining that appellant had no evidence to support his claims. Within this assignment, appellant takes specific issue with Dr. Lo's affidavit, which does not address whether he consulted a Rett Syndrome specialist. Similarly, in his fifth assignment of error, appellant argues that the affidavits of Dr. Lo and Ms. Dunn were not enough to support summary judgment. *Page 10 
 {¶ 20} As we noted previously, once appellees moved for summary judgment and submitted evidence in support, the burden shifted to appellant to present rebuttal evidence. Here, Dr. Lo stated that he reviewed the record of Lakisha's care at Children's and that, in his view, all applicable standards of care were met. While appellant made his own assertions concerning Lakisha's care, he presented no medical evidence concerning the applicable standard of care or whether any of the appellees violated those standards. Nor did appellant present evidence sufficient to support the application of the doctrine of res ipsa loquitor. Therefore, neither the court nor any experts reached specific aspects of Lakisha's care, such as the necessity for a specialist.
 {¶ 21} Appellant also takes issue with Ms. Dunn's affidavit, which states that Children's is a private hospital. This evidence was necessary for appellees to support their assertion that appellant's constitutional claims, which apply only to state actors, did not apply to them. In his fifth and sixth assignments of error, appellant asserts error regarding the court's summary judgment as to those constitutional claims and also as to the evidence that may have supported them.
 {¶ 22} However, appellant did not preserve his constitutional issues below. In his memorandum contra, appellant stated only that he "wish[ed] to dismiss the Constitutional Claim Asserted In His Complaint." He presented no arguments in support of those claims. Having failed to sufficiently preserve the constitutional issues below, including issues relating to the evidence that may have supported those claims, appellant may not raise those issues on appeal. Vera at ¶ 28, citing Evid. R. 103(B). *Page 11 
 {¶ 23} For all these reasons, we overrule appellant's fourth and fifth assignments of error. We also overrule that portion of appellant's sixth assignment of error that raises constitutional claims.
 {¶ 24} In the remainder of his sixth assignment of error, appellant argues that the court erred in granting summary judgment on specific claims. However, we agree with the trial court's resolution of these arguments.
 {¶ 25} First, appellant's assertions of assault and battery and false imprisonment are based on criminal statutes. The trial court correctly determined that criminal statutes do not create civil causes of action.Biomedical Innovations, Inc. v. McLaughlin (1995), 103 Ohio App.3d 122,126. In addition, appellant's assertions of malicious prosecution are inapplicable here because there is no prosecution at issue.
 {¶ 26} Second, we agree with the trial court's resolution of appellant's assertions that appellees willfully interfered with family relations by reporting potential child abuse against Lakisha. As health care professionals, appellees must report suspected child abuse, and they are immune from liability for making those reports. See R.C. 2151.421; Liedtke v. Carrington (2001), 145 Ohio App.3d 396, 401.
 {¶ 27} Third, we agree with the trial court's resolution of appellant's "RICO" claim. In the trial court, appellant based his claim on allegations of assault and battery by Dr. Lo. Here, he bases his claim on a vague allegation of extortion. Appellant did not raise this extortion argument in the trial court, and we decline to address it for the first time on appeal.
 {¶ 28} Fourth, we agree with the trial court's resolution of appellant's claims under the Americans with Disabilities Act ("ADA"),104 Stat. 327, Section 12101 et seq., *Page 12 
Title 42, U.S. Code, and R.C. 4112.02. Appellant does not have a claim for employment discrimination, nor did he present evidence of discrimination based on a disability. Therefore, these laws do not apply here. See Section 12111(2), Title 42, U.S. Code (defining entities covered under the ADA); R.C. 4112.02.
 {¶ 29} Finally, appellant raises claims of defamation, slander, and libel. Appellant did not raise these issues below. Therefore, he may not raise them on appeal.
 {¶ 30} For all these reasons, we overrule appellant's sixth assignment of error.
 {¶ 31} In his seventh assignment of error, appellant argues that the trial court erred by denying his request to amend his complaint. The decision whether to allow a litigant to amend a complaint lies within the sound discretion of the trial court. We will not disturb the trial court's decision in that respect absent an abuse of that discretion.Wilmington Steel Prod., Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122. An abuse of discretion is more than an error of law or judgment; it occurs only where the trial court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 32} Here, the trial court gave detailed reasons for denying appellant's request to amend his complaint. Appellant filed that request after appellees had already moved for summary judgment. The request did not specify the amendments sought to be made, only that appellant wanted to amend the complaint as to Dr. Lo. Stating that his complaint had "serious flaws that would cause [him] to incur injustice," appellant sought "to remove the flaws from his complaint and to change them to be correct claims that would best describe the issue and fit the issues addressed in the complaint." Appellant *Page 13 
did not indicate what those new claims would be or that he could support the amended claims with evidence. While appellant asserts that the trial court should have given him more opportunity to clarify his claims and arguments, we note that appellant had the opportunity to respond, and did respond, to appellees' motion for summary judgment. Therefore, he had an opportunity to clarify or explain his claims against appellees and the evidence supporting them.
 {¶ 33} We find no abuse of discretion in the trial court's denial of appellant's vague and unsupported motion to amend his complaint. Therefore, we overrule his seventh assignment of error.
 {¶ 34} In his eighth assignment of error, appellant asserts that the trial court erred by denying his motion to amend his memorandum contra. Using the same language he used in his motion to amend his complaint, appellant sought to remove the "serious flaws" in his memorandum contra "that would cause [him] to incur injustice." As the trial court stated, however, appellant filed this motion at the same time he filed his memorandum contra. Therefore, he not only had the opportunity to file a response to appellees' motion, but also to remove any "serious flaws" in it before filing. We overrule appellant's eighth assignment of error.
 {¶ 35} In his ninth assignment of error, appellant asserts that the trial court erred by denying him an extension of time to submit an affidavit of merit. Civ. R. 10(D) requires parties asserting a medical claim to attach an affidavit of merit to their complaint. In the affidavit, an expert witness must state that the expert has reviewed all applicable medical records reasonably available, is familiar with the applicable standard *Page 14 
of care, and has an opinion that one or more of the defendants breached that standard and that the breach caused the injury at issue. Civ. R. 10(D)(2).
 {¶ 36} Civ. R. 10 allows a plaintiff to file a motion to extend the time to file an affidavit; the trial court may grant the extension for "good cause shown." In July 2007, a new version of Civ. R. 10 became effective, and the new version specified what the court should consider in determining whether good cause exists. Although the trial court here denied appellant's requests under the prior version of Civ. R. 10, we may look to the new version for guidance in determining whether the court abused its discretion in denying appellant's requests here. SeeChromik v. Kaiser Permanente, Cuyahoga App. No. 89088, 2007-Ohio-5856, ¶ 11.
 {¶ 37} The current version of Civ. R. 10(D)(2)(c) provides as follows:
 In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:
 (i) A description of any information necessary in order to obtain an affidavit of merit;
 (ii) Whether the information is in the possession or control of a defendant or third party;
 (iii) The scope and type of discovery necessary to obtain the information;
 (iv) What efforts, if any, were taken to obtain the information;
 (v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.
 {¶ 38} Appellant filed his first request for an extension when he filed his complaint on April 13, 2007, and also filed a second request on April 16. Appellant's first request contained no supporting reason. His second request was the same as the first, except that he added one sentence, which indicated that his attorneys had "held *Page 15 
[his] case until four days before filing the case again and then denied [him] their services." The court denied these requests because appellant had not provided a supporting reason in the first request and had not submitted a certificate of service on the second. The court did not abuse its discretion by doing so.
 {¶ 39} Appellant filed his third request for an extension on May 31, 2007. In support, appellant stated that the attorneys he had hired to represent him had not pursued discovery and that he had been unable to hire another attorney to take the case. He also stated that Dr. Percy would provide expert testimony, but needed more time and access to Dr. Lo's records. The court denied this request on June 26, 2007. The court noted that, despite the passage of two months since appellant's initial request for an extension, appellant had still not filed an affidavit of merit. The court also noted that appellant had 11 months between the time he dismissed his first action against appellees and when he filed his April 2007 complaint.
 {¶ 40} As appellant brought a medical claim against appellees, he undoubtedly needed the medical records pertaining to Lakisha's care, records he asserted were not yet available to him. However, appellant attached to his memorandum contra a 2004 affidavit from Dr. Percy. The affidavit indicates that, as early as 2004, Dr. Percy reviewed and relied upon medical records pertaining to Lakisha's treatment at Children's. Therefore, at a minimum, these records were reasonably available to a willing expert witness for purposes of preparing an affidavit of merit when appellant filed his complaint in April 2007 or shortly thereafter.
 {¶ 41} The real problem, it appears, was appellant's difficulty in finding counsel to take his case and an expert witness willing to submit an affidavit. However, this was a *Page 16 
re-filed action against appellees. Having voluntarily dismissed his original lawsuit against appellees in May 2006, appellant had until he re-filed in April 2007 to obtain an affidavit. As of June 26, 2007, when the trial court denied his third request for an extension of time, he still had not done so.
 {¶ 42} It was not until November 14, 2007, nearly a month after the court granted summary judgment and two weeks after the court filed the final entry, that appellant filed an updated affidavit from Dr. Percy. But even that affidavit did not meet the requirements of an affidavit of merit. While Dr. Percy stated that he had "agreed to review and submit a medical opinion on causes of death after observing the entire records from the hospital and nursing home," he did not provide an opinion that any of the appellees breached the applicable standard of care or that a breach caused injury to Lakisha. This suggests that, even if the trial court had granted appellant's request, given appellant the full 90 days indicated in Civ. R. 10 or even granted appellant 180 days, appellant still would not have been able to produce a timely affidavit of merit to support his medical claims.
 {¶ 43} For all these reasons, we find no abuse of discretion in the trial court's denial of appellant's request for an extension of time within which to file an affidavit of merit. Therefore, we overrule appellant's ninth assignment of error.
 {¶ 44} In his tenth assignment of error, appellant argues that the trial court ruled as if appellant had only a medical malpractice claim. As we indicated previously, however, the court addressed each of appellant's other claims independently. Therefore, we overrule appellant's tenth assignment of error. *Page 17 
 {¶ 45} In his eleventh assignment of error, appellant asserts that the trial court erred in determining that appellant voluntarily signed an informed consent. This lack of consent, appellant asserts, violated his due process under the Fourteenth Amendment and the ADA. As we have explained previously, however, appellant did not preserve his constitutional claims, and the ADA does not apply here. Therefore, we overrule appellant's eleventh assignment of error.
 {¶ 46} In his twelfth assignment of error, appellant asserts that the court failed to address his arguments concerning appellees' failure to report their colleagues' child abuse and neglect. We do not find these claims within appellant's complaint, and he may not raise them for the first time on appeal. Therefore, we overrule appellant's twelfth assignment of error.
 {¶ 47} In his thirteenth assignment of error, appellant asserts that the court erred in determining that appellees are immune from liability relating to reports of child abuse. We have already addressed and rejected this argument. Therefore, we overrule appellant's thirteenth assignment of error.
 {¶ 48} Appellant's fourteenth assignment of error appears to reiterate arguments we have already considered and rejected. Therefore, we overrule it.
 {¶ 49} In his fifteenth assignment of error, appellant asserts that appellees' attorneys did not follow Loc. R. 47.01, which requires counsel to participate in discovery conferences and to freely exchange discovery. Appellant also generally argues that appellees' counsel mistreated him. The record offers no support for appellant's vague arguments. Therefore, we overrule his fifteenth assignment of error. *Page 18 
 {¶ 50} As a final matter, we emphasize that we find no support for appellant's assertion that he, as a pro se litigant, was mistreated. Appellant implies throughout his brief that he could have succeeded if he had only had more time to present the legally correct claims, that is, if only he had had a level playing field with the represented parties. By making this argument, appellant appears to have missed the point that the assertion underlying all his claims — that appellees caused Lakisha's death — failed because he lacked medical evidence, not because he, as a pro se litigant, could not identify the correct cause of action.
 {¶ 51} Having overruled appellant's fifteen assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1