[Cite as *Lane v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-685.]

| JESSIE LANE | Case No. 2015-00299 |
| --- | --- |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | |
| | ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** On October 9, 2015, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

**{¶2}** Civ.R. 56(C) states, in part, as follows:

**{¶3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**{¶4}** According to the complaint, plaintiff is an inmate in the custody and control of defendant. Plaintiff alleges that sometime in 2014, he developed swelling and pain in

his left leg, making it difficult to walk. Plaintiff states that he was evaluated by a doctor at the Hocking Correctional Facility and referred to Ohio State University for a diagnosis. Plaintiff reports that he was treated with antibiotics and pain medication but was never informed as to the cause of his condition. Plaintiff alleges that he discussed his situation with other inmates who had cellulitis and subsequently began to believe that he too had cellulitis. Plaintiff alleges that his leg is still discolored and that he still experiences pain. Plaintiff alleges that "defendant has breached the appropriate standard of care and that said breach was the proximate cause of plaintiff's cellulitis." Plaintiff does not identify in his complaint how defendant breached the standard of care or how that breach proximately caused him harm.

{¶5} Defendant argues that plaintiff cannot prevail on his claim for medical malpractice. In support of its motion, defendant submitted the affidavit of William Harlan, a licensed Doctor of Osteopathic Medicine, who has been plaintiff's treating doctor since June 2013. Defendant also submitted copies of plaintiff's relevant medical records and its requests for admissions, first set of interrogatories, and requests for production of documents.

{¶6} Dr. Harlan avers that on August 7, 2014, plaintiff complained to him regarding pain and swelling in his left leg. Following an examination, Dr. Harlan diagnosed plaintiff with cellulitis, a bacterial infection of the skin and soft tissue. Dr. Harlan avers that cellulitis is treated with an antibiotic, Clindamycin, which he prescribed to treat the infection. Dr. Harlan also suggested that plaintiff receive an x-ray of his leg, but such a request was refused.

{¶7} Dr. Harlan met with plaintiff on August 12, 2014, for another evaluation of plaintiff's leg. Dr. Harlan suggested that plaintiff get an ultrasound to rule out deep vein thrombosis (DVT), a blood clot, but plaintiff again refused. On August 18, 2014, Dr. Harlan again examined plaintiff's leg and ordered an ultrasound to rule out DVT; however, again, plaintiff refused. On August 26, 2014, Dr. Harlan again ordered an

ultrasound for plaintiff's left leg.  On August 27, 2014, plaintiff had an ultrasound of his left leg.  Dr. Harlan reports that the results of the ultrasound were negative for DVT and that no further treatment was necessary.  Dr. Harlan subsequently informed plaintiff that his test was within the normal limits and that no follow-up was required.

{¶8} Dr. Harlan avers that plaintiff's cellulitis resolved, but that plaintiff has chronic leg swelling because of vascular insufficiency, or poor blood return.  Dr. Harlan relates that plaintiff has suffered with this chronic condition since at least November 2013 and that such a condition predisposes a patient to infections like cellulitis.  Dr. Harlan avers that plaintiff's "cellulitis was diagnosed and treated. Any current condition is not related to or a result of that diagnosis and treatment."

{¶9} "In order to support a cause of action for medical negligence, [plaintiff] must show the existence of an applicable standard of care within the medical community, a breach of that standard of care by the defendant, and that such breach was the proximate cause of the injury sustained."  *Campbell v. Ohio State Univ.*, 10th Dist. Franklin No. 04AP-96, 2004-Ohio-6072, ¶ 10, citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131 (1976); *see also Gordon v. Ohio State Univ.*, 10th Dist. Franklin No. 10AP-1058, 2011-Ohio-5057, ¶ 67 ("The *Bruni* standard applies to an inmate's claim for medical malpractice.").  "Expert testimony is required to establish the standard of care and to demonstrate the defendant's alleged failure to conform to that standard." *Reeves v. Healy*, 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 38 (10th Dist.), citing *Bruni* at 130-131.

{¶10} In keeping with the standards established by Civ.R. 56 and *Bruni*, "once expert testimony is produced by a defendant in support of a motion for summary judgment, the plaintiff must submit counterbalancing expert testimony to demonstrate the existence of a material issue of fact on each of the elements of a medical negligence claim addressed by the defendant's evidence, unless the standard of care in the case is so obvious that non-experts could reasonably be expected to evaluate the

impact of the defendant's conduct." *Campbell* at ¶ 10. Furthermore, Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶11} In this case, plaintiff has failed to provide any evidence, much less an affidavit from a medical expert, to controvert the evidence submitted by defendant and demonstrate a genuine issue of material fact. Indeed, it is undisputed that plaintiff's current complaints about discoloration and pain in his leg stem from vascular insufficiency unrelated to his diagnosis or treatment for cellulitis. Moreover, plaintiff was diagnosed with cellulitis upon his initial visit with Dr. Harlan and plaintiff has not offered any evidence to the contrary. Finally, to the extent plaintiff alleges a delay in treating his cellulitis, it is clear that Dr. Harlan began a treatment regimen of antibiotics upon his initial diagnosis. Additionally, Dr. Harlan repeatedly suggested that plaintiff receive an ultrasound to rule out a DVT, but plaintiff continually refused such requests. Therefore, it must be concluded that plaintiff cannot prevail on his claim of medical malpractice.

{¶12} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All other pending motions are DENIED as moot. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Case No. 2015-00299 -5- ENTRY

cc:

Jessie Lane, #A510-733
Hocking Correctional Facility
P.O. Box 59
Nelsonville, Ohio 45764

Jeanna V. Jacobus
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed January 6, 2016**
**Sent to S.C. Reporter 2/25/16**