[Cite as *Jenkins v. Karl HC, L.L.C.*, 2020-Ohio-1137.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William Jenkins, | : | |
| Plaintiff-Appellant, | : | No. 19AP-572 |
| | | (C.P.C. No. 17CV-7371) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Karl HC, LLC d.b.a. Villa Angela Care Center et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 26, 2020

**On brief:** *Percy Squire Co., LLC,* and *Percy Squire*, for appellant.

**On brief:** *Tucker Ellis LLP, Susan M. Audey, Ernest W. Auciello, Jr.,* and *Jane F. Warner*, for appellee Karl HC, LLC, d.b.a. Villa Angela Care Central. **Argued:** *Susan M. Audey.*

**On brief:** *Reminger Co., L.P.A., David H. Krause,* and *Melvin J. Davis*, for appellee Thomas McEldowney, D.O. **Argued:** *Melvin J. Davis.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, William Jenkins, appeals from a decision and entry of the Franklin County Court of Common Pleas granting the motions for summary judgment of defendants-appellees, Karl HC, LLC and Thomas McEldowney, D.O. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}   Karl HC owns and operates a nursing home doing business as Villa Angela Care Center, providing skilled nursing care to its residents.  From 2014 to 2015, Jenkins was a resident at Villa Angela, where he was under the treatment of Dr. McEldowney and other unnamed defendants.  In December 2014, Jenkins received treatment outside of Villa Angela for wounds on his lower extremities.  Following that treatment, Jenkins returned to Villa Angela, and he alleged that the wounds on his legs developed and worsened as a result of appellees' failure to adhere to the wound care orders of his outside treating physician, Dr. Anthony Cozzolino.  Eventually, the condition of the wounds deteriorated to the point that Jenkins had his leg amputated.

{¶ 3}   On August 16, 2017, Jenkins filed a complaint against Villa Angela, Dr. McEldowney, and unnamed plaintiffs for what he deemed their "medical malpractice and/or nursing negligence" as a result of the wound care they provided him, resulting in surgical procedures and amputation of his leg.  (Compl. at ¶ 17.)  After the trial court granted his request for an extension of time to file an affidavit of merit, Jenkins eventually supported his complaint with an affidavit of merit from Dr. Anthony Williams.

{¶ 4}   Through the course of discovery, Jenkins identified Dr. Cozzolino, his treating podiatrist, as his wound care expert witness.  In his deposition, Dr. Cozzolino testified that the care Villa Angela rendered to Jenkins was not a direct and proximate cause of Jenkins' leg amputation.  He further testified that he was unable to say that any injury "causally" happened to Jenkins as a result of the care rendered by the Villa Angela staff because "at the time [Jenkins] switched facilities, he was actually doing well."  (Cozzolino Dep. at 154.)

{¶ 5}   On April 9, 2019, Dr. McEldowney filed a motion for summary judgment. Karl HC filed its own motion for summary judgment on April 11, 2019.  Appellees argued in their separate motions for summary judgment that because Jenkins had failed to provide expert testimony to support his claim that the care he received at Villa Angela led to his worsening leg wounds and subsequent amputation, appellees were entitled to judgment in their favor.  Jenkins opposed the motion, arguing that his claim did not require expert testimony because it was a claim for "ordinary negligence" rather than a medical claim. (Plaintiff's Memo. in Opp. at 5.)  Along with his memorandum in opposition to appellees'

motions for summary judgment, Jenkins filed his own affidavit in which he asserted his injuries were caused by the actions of Villa Angela and Dr. McEldowney.

{¶ 6} In a July 29, 2019 decision and entry, the trial court granted the motions for summary judgment of Karl HC and Dr. McEldowney. Specifically, the trial court found that Jenkins' claim "is clearly a medical malpractice claim, not a simple negligence claim." (Decision & Entry at 2.) The trial court found that Jenkins could not rely on his own affidavit to create an issue of fact regarding his medical claims, and it noted that much of Jenkins' affidavit relied on hearsay. Thus, the trial court found that Jenkins pointed to no Civ.R. 56 evidence to support his claim that either appellees breached a standard of care or that there was proximate cause between the medical negligence and Jenkins' injury. The trial court entered judgment in favor of appellees. Jenkins timely appeals.

## II. Assignment of Error

{¶ 7} Jenkins assigns the following error for our review:

> The trial court erred when it concluded that expert testimony was required to overcome Defendants' motion for summary judgment.

## III. Standard of Review and Applicable Law

{¶ 8} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the

moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. Analysis

{¶ 10} In his sole assignment of error, Jenkins argues the trial court erred in granting appellees' motions for summary judgment. More specifically, Jenkins asserts the trial court erroneously concluded that expert testimony was required to create a genuine issue of material fact sufficient to overcome appellees' motions for summary judgment.

{¶ 11} In order to establish a claim of medical negligence, a plaintiff must show (1) the existence of a standard of care recognized within the medical community, (2) the breach of that standard of care by defendant, and (3) proximate cause between the breach of the standard of care and the injury. *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 11, citing *Williams v. Lo*, 10th Dist. No. 07AP-949, 2008-Ohio-2804, ¶ 11. Additionally, "[e]xpert testimony is necessary to prove the elements of medical malpractice 'whenever those elements are beyond the common knowledge and understanding of the jury.' " *Id.*, quoting *Williams* at ¶ 11, citing *Campbell v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 04AP-96, 2004-Ohio-6072, ¶ 10. If the moving party produces expert testimony in support of its motion for summary judgment, the nonmoving party can only overcome summary judgment by submitting contrary expert testimony " 'unless the standard of care is so obvious that non-experts can reasonably evaluate the defendant's conduct.' " *Adams* at ¶ 11, quoting *Williams* at ¶ 11.

{¶ 12} Both in response to appellees' motions for summary judgment in the trial court and on appeal, Jenkins asserts he did not need to present contrary expert witness testimony in order to overcome appellees' motions for summary judgment. He argues both that his claim is one of ordinary negligence, not medical negligence, and that it presents a matter of common knowledge and experience that does not require expert testimony. In support, Jenkins relies on the "common knowledge exception" to the requirement of expert

testimony in medical negligence cases, wherein "no expert testimony is required to establish a medical malpractice claim when the defendant's lack of skill or care is so apparent as to be within the comprehension of laymen, and requires only common knowledge and experience for an understanding of it." *Cunningham v. Children's Hosp.*, 10th Dist. No. 05AP-69, 2005-Ohio-4284, ¶ 19, citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130 (1976).

{¶ 13} We do not agree with Jenkins' attempts to recast his complaint to cure the deficiencies in his opposition to appellees' motions for summary judgment. Instead, we agree with appellees that Jenkins' claim can be construed only as a medical negligence claim. Indeed, in his complaint, Jenkins specifically alleges appellees "deviated from the standard of care that a reasonable physician would have exercised" and that appellees "fell below the acceptable standards of medical care." (Complaint, ¶ 20, R. 755.) *See, e.g., Amos v. Van Aman*, 10th Dist. No. 19AP-164, 2019-Ohio-5324, ¶ 9 (noting a plaintiff's supposed claims for battery and negligence that arose out of injuries she allegedly sustained during surgery "arose out of medical treatment, and thus, constitute medical claims"). We also note that Jenkins demonstrated his understanding that he was alleging a medical claim by filing an affidavit of merit in support of his claim as required by Civ.R. 10(D)(2)(a).

{¶ 14} Moreover, as to Jenkins argument that the "common knowledge exception" would apply here to obviate the need for him to produce contrary expert testimony to overcome appellees' motion for summary judgment, we are mindful that "[t]he common knowledge exception has a limited scope in a world of increasing medical complexity." *Cunningham* at ¶ 20, 21 (noting application of the common knowledge exception is typically applicable "in cases dealing with gross inattention during patient care or miscommunication with a patient"), citing *Buerger v. Ohio Dept. of Rehab. & Corr.*, 64 Ohio App.3d 394, 399 (10th Dist.1989). Here, Jenkins alleges appellees failed to adhere to wound care orders of his treating physician, that his wounds worsened because of appellees, and that appellees conduct caused him to undergo additional surgeries. Because Jenkins' allegations of negligence relate directly to appellees' professional skill and judgment, these matters are not within the common knowledge and experience of laymen. *Cunningham* at ¶ 23. Therefore, we conclude the standard of care required for the treatment of wound care, and whether a breach of such standard of care could lead to amputation, are matters "not

sufficiently obvious that nonprofessionals could reasonably evaluate the [appellees'] conduct," and, thus, expert testimony is required to establish the appropriate standard of care and any proximate cause of Jenkins' injuries. *Cunningham* at ¶ 22, citing *Wright v. Hamilton*, 141 Ohio App.3d 296, 302 (12th Dist.2001).

{¶ 15} Thus, having determined that Jenkins' claim was for medical negligence, we further find appellees that satisfied their initial burden under Civ.R. 56 to show that Jenkins has no evidence to support his claim. Specifically, appellees relied on the expert testimony of Dr. Cozzolino, Jenkins' treating physician, that he could not say there was any causal link between the care Jenkins received at Villa Angela and his injuries. Jenkins points to no contrary expert testimony to overcome appellees' motions for summary judgment. Thus, we agree with the trial court that there remains no genuine issue of material fact on the elements of Jenkins' medical negligence claim. Accordingly, the trial court did not err in granting appellees' motions for summary judgment. We overrule Jenkins' sole assignment of error.

## V. Disposition

{¶ 16} Based on the foregoing reasons, the trial court did not err in granting appellees' motions for summary judgment. Having overruled Jenkins' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and NELSON, JJ., concur.