DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Rosemary Collier and Alan Junke ("Appellants"), appeal from a judgment of the Medina County Court of Common Pleas that denied their Civ.R. 60(B) motion for relief from judgment. This Court affirms.
 I. {¶ 2} Appellants are the owners of a parcel of property located at 985 West 130th Street in Hinkley, Ohio. Appellees, Elizabeth and Matthew Dorcik (the "Dorciks"), own the adjoining parcel located at 995 West 130th Street. Shortly after Appellants purchased the property, disputes arose between the parties about the Dorcik's barn and concrete pad that encroached on Appellants' property and the flow of runoff water from each of their properties. Appellants originally filed this case against the Dorciks in 1997, seeking injunctive relief to have the encroaching barn and concrete pad removed from their property and to restore the natural flow of water on their property. The Dorciks counterclaimed for damages stemming from Appellants' alleged obstruction of the flow of runoff water from their property.
 {¶ 3} Following a jury trial, the trial court entered a damage judgment for Appellants in the amount of $5,000, judgment for the Dorciks in the amount of $5,001, and ordered, among other things, that the Dorciks remove the concrete pad from Appellants' property. The trial court did not order the Dorciks to remove the encroaching portion of the barn. On appeal to this Court, however, that portion of the judgment was reversed. See Collierv. Dorcik (Nov. 29, 2000), 9th Dist. No. 3009-M. This Court affirmed the trial court's June 11, 1999 judgment in all other respects. Id.
 {¶ 4} On remand to the trial court on the limited issue of removal of the encroaching barn, the parties continued to file a variety of motions, and the matter continued on for more than two and one-half years. On August 1, 2003, the trial court denied Appellants' motion for relief from the original 1999 trial court judgment, indicating, among other things, that it had not been filed within a reasonable time. On August 12, 2003, the trial court issued a journal entry, indicating that all matters in the case had been resolved.
 {¶ 5} Appellants appeal and raise two assignments of error that will be consolidated for ease of review.
 II. First Assignment of Error
"Medina County common pleas court erred and abused its discretion when it denied all of the appellants' unresolved motions and withdrew itself from the case. the court acted in a prejudicial manner toward the appellants by denying these motions en masse without considering the merits of each motion. Each of the appellants' motions should have been granted because equity in this case required granting them."
 Second Assignment of Error
"Medina county common pleas court erred and abused its discretion when it failed to journalize its rulings with the requested finding of fact and conclusions of law concerning the orders it made during hearings on this matter before withdrawing itself from the case."
 {¶ 6} Although Appellants appeal from the trial court's denial of their Civ.R. 60(B) motion for relief from judgment, they do not assign error to that judgment. Instead, through their two assignments of error, Appellants contend that the trial court erred by failing to rule on the dozens of motions that they filed after this case was remanded to the trial court. It is fundamental that a court speaks only through its journal and this Court has jurisdiction to review only final orders that have been journalized. See Brackmann Communications, Inc. v. Ritter
(1987), 38 Ohio App.3d 107, 109. The record reveals, however, that the trial court did issue explicit rulings on several of Appellants' motions and that the issues raised in many of their motions later became moot. Moreover, after the trial court overruled the Appellants' Civ.R. 60(B) motion, it indicated that all matters had been resolved, implicitly overruling all outstanding motions. See Fed. Home Loan Mtge. Corp. v. Owca
(Nov. 17, 1999), 9th Dist. No. 2897-M.
 {¶ 7} Although Appellants also contend that the trial court should have granted all of the motions that they filed, they do not set forth any legal argument to demonstrate that the trial court's denial of each motion constituted error. See App.R. 16(A)(7). Appellants also fail to indicate how they were prejudiced by any of these rulings. It is fundamental that, to demonstrate reversible error on appeal, Appellants must not only demonstrate error by the trial court but they must also demonstrate that they were materially prejudiced by that error. See App.R. 12(B); Civ.R. 61. Because Appellants have failed to demonstrate any error or resulting prejudice, their assignments of error are overruled.
 III. {¶ 8} Appellants' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Concurs.
Carr, P.J., Concurs in judgment only.