OPINION
{¶ 1} Defendant-appellant, Mary Ruckman ("appellant"), appeals from the judgment of the Franklin County Municipal Court finding appellant guilty of reckless operation in violation of Whitehall Codified Ordinance 333.02.
 {¶ 2} The facts as adduced at trial are as follows. Whitehall Auxiliary Police Officer Tammy Scott was working special duty at Kroger in Whitehall, Ohio, when a customer, Van Gregg, approached her and reported that a woman was driving erratically in the parking lot. Mr. Gregg reported a woman cut off another vehicle nearly causing an accident in order to park in a handicap parking space. Officer Scott approached the vehicle in the handicap spot and found it parked at an angle. At this time, appellant came *Page 2 
out of the store, and though Officer Scott attempted to talk to appellant, appellant ignored her and went to the vehicle. Appellant then entered her vehicle. The door was still open, and Officer Scott stepped forward and instructed appellant not to move the vehicle. However, according to Officer Scott, appellant began to back up. As appellant continued to back up, Officer Scott was drug along for a few feet. After Officer Scott reached for her pepper spray, appellant stopped. Thereafter, appellant was cited under Whitehall Codified Ordinance 333.02, titled Reckless Operation on Streets, Public or Private Property. Officer Cook, who arrived as back-up, wrote out the narrative on the ticket, and Officer Scott signed the ticket.
 {¶ 3} The matter proceeded to trial before a magistrate in Whitehall Mayor's Court on December 29, 2005. The magistrate found appellant guilty and noted that appellant operated her vehicle without due regard for the safety of Officer Scott by backing up when the officer was standing next to the open door of the truck. The magistrate fined appellant $150, plus court costs. At this juncture, appellant retained counsel who appealed the matter to the Franklin County Municipal Court. The matter was tried on October 10, 2006, but the jury was unable to reach a verdict. After various continuances and new counsel being retained by appellant, the matter finally came for trial on March 26, 2007. A jury found appellant guilty, and appellant was fined $50, plus court costs.
 {¶ 4} This appeal followed, and appellant, pro se, brings the following assignment of error for our review:
 The trial court/jurors erred by finding appellant guilty, when the record presents genuine issues of material fact that demand resolution by the trier of fact. *Page 3 
 {¶ 5} Appellant does not contend there is insufficient evidence to support her conviction. Rather, in her argument and assignment of error, appellant contends this court should conduct a "de novo" review and review "the evidentiary material, mainly testimony and CD-Rom in a light most favorable to appellant," to "determine whether as a matter of law no genuine issues exist for trial." (Appellant's brief at 7.) Clearly this argument is misplaced as the standard cited by appellant applies to civil matters being analyzed under Civ.R. 56. To the extent, however, that appellant is attempting to argue her conviction is not supported by sufficient evidence, we do not find appellant's position to be well-taken.
 {¶ 6} When reviewing the sufficiency of the evidence with respect to a criminal conviction, the operative inquiry is whether the evidence is adequate to sustain a verdict. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. When reviewing the sufficiency of the evidence, an appellate court must:
 * * * [E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} This test raises a question of law and does not allow the court to weigh the evidence. Thompkins, at 386; State v. Thomas (1982),70 Ohio St.2d 79, 79-80. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable *Page 4 
inferences from basic facts to ultimate facts." Jackson v. Virginia
(1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination with regard to the credibility of the witnesses.State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79;State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41
("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction.").
 {¶ 8} Officer Scott testified that a customer approached her with concerns about the way someone was driving in the parking lot. Officer Scott went out to investigate and saw the vehicle parked at an angle and "impeding traffic through the parking lot." (Tr. Vol. I at 58.) As she turned to go back into the store, appellant was approaching and Officer Scott inquired as to whether the vehicle belonged to appellant. Officer Scott said she tried to just make contact with appellant and find out "what was going on," but appellant did not say anything and just kept walking. Id. at 59. Officer Scott testified that appellant kept "ignoring" her and proceeded to get into the truck. Id. Officer Scott stated:
 I — Once she got to her truck and the door was still open, I stepped forward, and I said, "Stop. Stop. Do not move your vehicle. I need to talk to you."
 And she proceeded to start her truck up and back up. And that's when I felt like I — that's when I screamed at her.
Id. at 60. *Page 5 
 {¶ 9} Officer Scott went on to describe that after reaching for her pepper spray, appellant stopped. Thereafter, Officer Scott issued appellant a ticket for reckless operation on private property.
 {¶ 10} Christopher Pjetrzak, a Kroger employee, saw Officer Scott and appellant in the parking lot. Mr. Pjetrzak testified that he saw appellant get into the truck and heard Officer Scott say something. Mr. Pjetrzak described that appellant began to back out with the officer inside the open door. At this time, he and another employee ran to the vehicle to help because he thought someone could have gotten run over.
 {¶ 11} Christopher Barbee, a Kroger employee, also testified in this matter. According to Mr. Barbee, as appellant was exiting the store and going to her truck, Officer Scott stopped her. Mr. Barbee observed appellant get into the vehicle while Officer Scott tried to reach in and turn the truck off because appellant started to back up. When the truck started to move, Mr. Barbee became concerned for Officer Scott's safety and ran behind appellant's truck.
 {¶ 12} Appellant testified on her own behalf. According to appellant, she asked Officer Scott if there was a problem, but Officer Scott did not answer. Instead, Officer Scott talked into her shoulder radio, so, therefore, appellant started to leave. Officer Scott was in front of the truck when appellant started to leave, and then ran to the side of the truck as appellant backed up. Appellant described that Officer Scott grabbed the truck mirror as appellant stopped. When Officer Scott said to stop, appellant's foot was still on the clutch and the truck moved as Officer Scott was at the side mirror. Appellant described that at this time, Officer Scott shoved appellant against her truck, and told her to sit on the ground. Appellant instead sat on the truck seat. As Officer Scott reached in *Page 6 
and took the ignition key, she broke it, and injured appellant. However, appellant was able to drive home because she had a spare key with her. Appellant further asserted that Officer Scott was lying and that Mr. Pjetrzak and Mr. Barbee were mistaken in their testimony because they were not there.
 {¶ 13} However, rather than challenging the evidence, appellant's argument expresses disagreement with the jury's verdict. We find that the evidence and the above-described testimony, if believed, when viewed in a light most favorable to the prosecution, could convince the average mind of appellant's guilt beyond a reasonable doubt, and is, therefore, adequate to sustain the jury's verdict.
 {¶ 14} To the extent appellant's argument can be construed as a contention that her conviction is against the manifest weight of the evidence, we find no merit to the same. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony.Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 15} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. *Page 7 
02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility.State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 16} The basis for appellant's manifest weight argument is the witnesses' conflicting testimony, and the credibility of the witnesses. While appellant asserts the prosecution's witnesses were either lying or mistaken in their testimony, the jury as trier of fact was in the best position to determine the credibility of the testimony presented, and we decline to substitute our judgment for that of the trier of fact. A conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony. State v.Rippey, Franklin App. No. 04AP-960, 2005-Ohio-2639, discretionary appeal not allowed by 106 Ohio St.3d 1530, 2005-Ohio-5146. We have reviewed the entire record and weighed the evidence and all reasonable inferences to be drawn therefrom and have considered the credibility of the witnesses. After review of the *Page 8 
record, we conclude that there is nothing to indicate that the jury clearly lost its way or that appellant's convictions create a manifest miscarriage of justice. Consequently, we cannot say that defendant's conviction is against the manifest weight of the evidence.
 {¶ 17} Also, contained under appellant's assigned error is her contention that: (1) she was not given discovery and/or that the discovery she did receive was altered; (2) information regarding Officer Cook and his alleged prior 12-year harassment of her was not brought into evidence; (3) evidence should have been suppressed and this matter should never have started because Officer Scott was lying; (4) the matter should not have been continued;[1] and (5) the prosecution was uncooperative in this matter.
 {¶ 18} However, while appellant presents speculation and unsupported allegations in her brief, she does not provide any legal argument, or direct us to evidence in the record to support her position. Further, appellant does not provide us with an argument as to how the trial court erred in this matter. In reference to the suppression issue, the record reveals a plethora of pretrial motions filed by appellant, including a number of motions to suppress and to dismiss. Appellant provides no legal argument as to the alleged error, but rather, on appeal, cites only to the motions. Thus, because in this appeal appellant has failed to challenge any specific issue raised before the trial court in support of her suppression motion, we do not need to address these issues, which, although they were raised before the trial court, are not raised here. State v. England, Franklin App. No. 05AP-793, 2006-Ohio-5087, at ¶ 25. *Page 9 
 {¶ 19} App.R. 16(A)(7) states, in relevant part, that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions[.]" App.R. 12(A)(2) states that "the court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."State v. Sutton, Franklin App. No. 06AP-708, 2007-Ohio-3792, at ¶ 68. As stated by the Ninth District Court of Appeals: "[I]t is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Vinson, 2007-Ohio-6045, at ¶ 25, quoting State v.Taylor (Feb. 9, 1999), Median App. No. 2783-M.
 {¶ 20} "`[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" Lias v.Beekman, Franklin App. No. 06AP-1134, 2007-Ohio-5737, at ¶ 6, quotingState ex rel. Petro v. Gold, 166 Ohio App.3d 371, 2006-Ohio-943, at ¶ 51, appeal not allowed, 110 Ohio St.3d 1439, 2006-Ohio-3862, reconsideration denied, 111 Ohio St.3d 1418, 2006-Ohio-5083. "It is not the duty of [an appellate] court to search the record for evidence to support an appellant's argument as to alleged error." Id. at ¶ 94, citing Slyder v. Slyder (Dec. 29, 1993), Summit App. No. 16224;Sykes Constr. Co. v. Martell (Jan. 8, 1992), Summit App. No. 15034, cause dismissed, 64 Ohio St.3d 1402. See, also, State ex rel. PhysiciansCommt. For Responsible Medicine v. Bd. of Trustees of The Ohio StateUniv., 108 Ohio St. 3d 288, 2006-Ohio-903, at ¶ 13. "It is also not appropriate for [an appellate court] to construct the legal arguments in support of an appellant's appeal." Petro, at ¶ 94. "If an argument exists *Page 10 
that can support [an] assignment of error, it is not [an appellate] court's duty to root it out." Id. at ¶ 94, quoting Cardone v.Cardone (May 6, 1998), Summit App. No. 18349, dismissed, appeal not allowed by, 83 Ohio St.3d 1429.
 {¶ 21} Also, "`[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" Lias, at ¶ 7, quoting Delaney v. Cuyahoga Metro.Hous. Auth. (July 7, 1994), Cuyahoga App. No. 65714, quoting Meyers v.First Natl. Bank (1981), 3 Ohio App.3d 209, 210. See, also, Sabouri v.Ohio Dept. of Jobs and Family Serv. (2001), 145 Ohio App.3d 651, 654, citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363;Meyers, supra, at 210 (stating that "[i]t is well established thatpro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel").
 {¶ 22} Here, appellant relies not on evidence contained in the record, but on speculation and unsupported allegations. Accordingly, we decline to address the remainder of appellant's arguments pursuant to App.R. 12 and 16.
 {¶ 23} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.
[1] The continuance to which appellant refers was actually a break in the trial that occurred when the trial court recessed on Friday, March 30, 2007 and reconvened for trial on Thursday, April 5, 2007. *Page 1