[Cite as *Byrd v. Byrd*, 2014-Ohio-2082.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Houston Byrd, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-943 |
| v. | : | (C.P.C. No. 95DR-2216) |
| Carol Mickens Byrd (nka Wilson), | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 15, 2014

*Houston Byrd, Jr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

CONNOR, J.

{¶ 1}   Plaintiff-appellant, Houston Byrd, Jr., appeals from an October 29, 2013 judgment of the Franklin County Court of Common Pleas, denying two motions filed by appellant: an October 7, 2013 "Motion for Default Judgment regarding Motion for Objection and Request for Findings by the Court Time Stamped August 21, 2013, for Motion Filed pursuant to Civ. R. 60(B) filed in January 2013;" and an October 10, 2013 "Motion for Objection Regarding the Requirements for Alleged Hearings on October 28, 2013 and Request for Findings by the Court Pursuant to Civ. R. 52 with Respect to the Alleged Hearings."  For the reasons that follow, we affirm.

 I. Facts and Procedural History

{¶ 2}   This case arises out of appellant's continuing efforts to obtain certain modifications to his child support obligation. On January 25, 2013, appellant filed a pro se

motion for relief from the trial court's latest decision on the matter. The trial court denied the motion by "Decision and Judgment Entry" issued on August 15, 2013. Appellant did not appeal the trial court decision. Rather, appellant filed a series of nonsensical motions and objections, including the two motions that are the subject of this appeal. The trial court denied appellant's motions on October 29, 2013. Appellant timely appealed to this court.

## II. Assignment of Error

{¶ 3} Appellant sets forth a single assignment of error as follows:

> Appellant files this appeal due to the malfeasance, nonfeasance, judicial error and perjury by the assigned Judge. In addition, the Judge failed to adhere to the *Rules Governing the Courts of Ohio.* The causes are as follows for case number 95DR2216 in the Franklin County Court of Common Pleas: the Appellant alleges (1) trial court's failure to legally identify what a Miscellaneous Motion entailed and (2) failure to comply with Civ. Rules 12, 52 and 60 before it.

(Emphasis sic.)

## III. Analysis

{¶ 4} An appellate court has the discretion to decline to address an issue on appeal where an appellant's brief contains no argument or analysis. *See, e.g., Hahn v. Hahn,* 9th Dist. No. 11CA0064-M, 2012-Ohio-2001; *Ruffian, L.L.C. v. Hayes.*, 10th Dist. No. 09AP-948, 2011-Ohio-831. Indeed, an "appellant's failure to follow the dictates of App.R. 16(A) is equivalent to not filing a brief at all and would, in and of itself, be grounds for dismissing the appeal." *Gomez v. Kiner,* 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 7, citing App.R. 3(A) and 18(C). Here, appellant failed to provide either a "statement of facts relevant to the assignments of error" as required by App.R. 16(A)(6), or an "argument containing the contentions of the appellant with respect to each assignment of error" as required by App.R. 16(A)(7). Instead, under the heading "A Statement of facts Relevant to the Assignment of Errors," appellant simply refers the court to his "Statement of the Assignments of Error and Issues Presented for Review." (Appellant's Brief, 4.) Similarly, for his entire "argument" appellant merely states: "Refer to the Statement of the Case

section."   (Appellant's Brief, 4.) Neither of the referenced sections of appellant's brief shines any light on the nature of the alleged trial court error.

{¶ 5}   Under App.R. 16(A)(7), an appellant must support each assignment of error with an argument, including citations to legal authority. *Ruffian* at ¶ 20. "If an argument exists supporting an assignment of error, 'it is not this court's duty to root it out.' " *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22, quoting *State v. Breckenridge,* 10th Dist. No. 09AP-95, 2009-Ohio-3620, ¶ 10, citing *Whitehall v. Ruckman,* 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20. Appellate courts may not construct legal arguments in support of an appellant's appeal. *Id.*, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.), *appeal not allowed*, 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied*, 111 Ohio St.3d 1418, 2006-Ohio-5083.

{¶ 6}   We find that appellant's brief in this case is so lacking in substance as to be of no legal consequence. Given the cryptic nature of appellant's assignment of error, the lack of substance is fatal to the appeal. Indeed, a bare assertion that the trial court should have granted a motion is without meaning absent some legal argument demonstrating that the trial court denied the motions in error.  *Collier v. Dorcik*, 9th Dist. No. 03CA0103-M, 2004-Ohio-4062.

{¶ 7}   For the foregoing reasons, appellant's sole assignment of error is overruled. Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J. and LUPER SCHUSTER, J., concur.

_____