[Cite as *Curry v. Mansfield*, 2020-Ohio-4125.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CARLINE M. CURRY, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CITY OF MANSFIELD, et al., | : | Case No. 2020 CA 0005 |
| | : | |
| Defendant - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Richland County
Court of Common Pleas, Case No.
2018 CV 0642

JUDGMENT:   Dismissed

DATE OF JUDGMENT:   August 18, 2020

APPEARANCES:

For Plaintiff-Appellant

CARLINE CURRY, Pro se
606 Bowman Street
Mansfield, Ohio 44903

For Defendant-Appellees

GREGORY A. BECK
ANDREA K. ZIARKO
Baker, Dublikar, Beck,
Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

*Baldwin, J.*

{¶1}    Appellant, Carline Curry appeals the decision of the Richland County Court of Common Pleas dismissing her complaint.  Appellees are the City of Mansfield, Angelo Klousiadis, Dave Remy and Timothy Theaker.

## STATEMENT OF FACTS AND THE CASE

{¶2}    Appellant filed a complaint in the Franklin County Court of Common Pleas alleging discrimination and retaliation by appellees. The case was transferred to the Richland County Court of Common Pleas and thereafter the parties exchanged pleadings, Curry seeking summary judgment and appellees seeking judgment on the pleadings as well as summary judgment.  The trial court found that Curry had made the same allegations in a prior case, Richland County Court of Common Pleas Case No. 17-CV-426 and that case was dismissed with prejudice and all appellate rights were exhausted. The trial court found Curry's claims in this case barred by res judicata, collateral estoppel, as well as issue and claim preclusion.

{¶3}    The trial court also found that Curry failed to describe dates for the alleged continuing discrimination, preventing any analysis of the applicable statute of limitations and that she failed to state a claim for which relief may be granted. The trial court found that Curry:

> failed to establish in her complaint that the Defendants individually were her employers, that she was a part of a protected class, and that she was discharged from a job or that she was not hired for a job that she was qualified to hold and was replaced by a person who did not belong to the protected class. Nor has she established in her complaint that she engaged

in protected activity and that she was, as a result, subject to adverse employment action.

**{¶4}** The trial court denied Curry's motion for summary judgment and granted appellees' motion for judgment on the pleadings and summary judgment. Curry appealed, but has not submitted any assignments of error.

**{¶5}** Curry has not only neglected to include assignments of error in her brief, she has also substantially failed to comply with the requirements of App.R. 16. The brief lacks a table of contents, a table of cases cited, a statement of the issues presented for review, a statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below. While she refers to past incidents and events from prior cases, the haphazard nature of the statements prevent us from discerning a statement of facts relevant to the assignments of error presented for review, and the brief does not contain an argument of her contentions with citations to the authorities, statutes, and parts of the record on which appellant relies.

**{¶6}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox,* 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this court to dismiss appellant's appeal. *State v. Darby*, 5th Dist. Richland No. 2019 CA 0013, 2019-Ohio-2186, ¶¶ 21-24. We understand that appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP–116, 2006–Ohio–3316, ¶ 9. See, also, *State v. Hall*, 11th Dist. No.2007–T–0022, 2008–Ohio–2128, ¶ 11.

And we recognize "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules" *Oyler v. Oyler,* 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, ¶¶ 18-19, but we find significant noncompliance with the appellate rules in the case before us as well as a lack of any cogent argument. While we note that "fairness and justice are best served when a court disposes of a case on the merits" we find that this brief reflects a flagrant, substantial disregard for the court rules that cannot be cured., *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982), and we "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 10th Dist. No. 07AP–445, 2007–Ohio–6780, ¶ 20, quoting *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006–Ohio–943, ¶ 94 (10th Dist.), *appeal not allowed*, 110 Ohio St.3d 1439, 2006–Ohio–3862, *reconsideration denied,* 111 Ohio St.3d 1418, 2006–Ohio–5083. Appellant's brief in this case is so lacking in substance as to be of no legal consequence. *Byrd v. Byrd,* 10th Dist. Franklin No. 13AP-943, 2014-Ohio-2082, ¶¶ 5.

{¶7} Because we find appellants' brief so completely in derogation of App.R. 16, her appeal is dismissed for want of prosecution pursuant to App.R. 18(C) and Loc.App.R. 5(B).

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.