[Cite as *State v. I.T.*, 2024-Ohio-2182.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                                   :

      Plaintiff-Appellee,                           :          No. 23AP-694
                                                 (C.P.C. No. 23CR-2421)

v.                                                              :

[I.T.],                                                         :          (REGULAR CALENDAR)

      Defendant-Appellant.                          :

---

D E C I S I O N

Rendered on June 6, 2024

---

**On brief**: *G. Gary Tyack*, Prosecuting Attorney, and *Michael A. Walsh*, for appellee. **Argued**: *Michael A. Walsh*.

**On brief:** *Samuel H. Shamansky Co, L.P.A.*, *Samuel H. Shamansky*, *Donald L. Regensburger*, and *Ashton C. Gaitanos*, for appellant. **Argued**: *Donald L. Regensburger*.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, I.T., appeals the judgment of the Franklin County Court of Common Pleas sentencing him to 60 months in prison for a conviction of sexual battery, a felony of the third degree. Specifically, appellant contends the trial court violated his constitutional rights to due process and fundamental fairness by considering his dismissed charges before sentencing him to the maximum prison term statutorily authorized for that offense.

{¶ 2} Because appellant's presentence investigation ("PSI") report contained information about these dismissed charges from the victim and appellant, the trial court did not err in considering such information, as required by R.C. 2929.19(B)(1)(a). For the following reasons, the judgment of the trial court is affirmed.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3}  On May 16, 2023, a Franklin County Grand Jury returned a six-count indictment charging appellant with two counts of rape (Counts 1 and 2), one count of attempted rape (Count 3), and three counts of gross sexual imposition (Counts 4, 5, and 6). All offenses involved appellant's niece, U.T., alleged to be under the age of 13 when the charged conduct occurred.

{¶ 4}  On August 21, 2023, appellant entered a counseled guilty plea to amended Count 1, sexual battery in violation of R.C. 2703.03(A)(3), a felony of the third degree.  (*See* Aug. 21, 2023 Entry of Guilty Plea.)  Upon recommendation of the prosecutor, the trial court entered a nolle prosequi as to the remaining counts and ordered appellant to undergo a PSI.

{¶ 5}  Appellant appeared before the trial court for a sentencing hearing on October 17, 2023.  After hearing the arguments of counsel, a statement from U.T.'s mother (who is appellant's sister), and appellant's own allocution, the trial court ordered appellant to serve the maximum prison term of 60 months for the offense.  Appellant's conviction and sentence were memorialized in a judgment entry issued October 17, 2023.

{¶ 6}  Appellant timely appealed from that judgment of conviction and raises the following assignment of error for our review:

> THE TRIAL COURT ERRED BY CONSIDERING DISMISSED CHARGES AS A BASIS UPON WHICH TO IMPOSE A MAXIMUM TERM OF INCARCERATION, IN VIOLATION OF APPELLANT'S RIGHTS TO DUE PROCESS AND FUNDAMENTAL FAIRNESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.

## II. ANALYSIS

### A.  Legal Standards and Standard of Review

{¶ 7}  In his sole assignment of error, appellant does not argue the trial court acted in violation of any statute or legal regulation when it sentenced him.  *See State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990) (explaining that the phrase "otherwise contrary to law" in R.C. 2953.08(G)(2)(b) means " ' "in violation of

statute or legal regulations at a given time." ' "). *See also State v. McCrory*, 167 Ohio St.3d 1502, 2022-Ohio-3029 (Stewart, J., dissenting) (summarizing recent Ohio Supreme Court jurisprudence holding that "R.C. 2953.08 [defining scope of appellate review of felony sentences] is not the only basis by which a party may appeal a sentence").

{¶ 8} Instead, appellant contends the maximum prison sentence imposed was based on impermissible considerations in violation of his right to due process under the Fifth Amendment to the United States Constitution and the "fundamental fairness" requirement of Ohio's Due Course of Law Clause and the Fourteenth Amendment's Due Process Clause. *See State v. Aalim,* 150 Ohio St.3d 489, 2017-Ohio-2956, ¶ 14-15 (observing the Due Course of Law Clause in Article I, Section 16 of the Ohio Constitution has long been equated with the Due Process Clause of the Fourteenth Amendment to the United States Constitution by the Supreme Court of Ohio).

{¶ 9} Appellant did not object to the trial court's sentencing considerations in the court below on constitutional grounds or otherwise. "[W]hen the accused fails to object to the error in the trial court, appellate courts apply the plain-error standard of review." *State v. West*, 168 Ohio St.3d 605, 2022-Ohio-1556, ¶ 2. Under the Ohio Rules of Criminal Procedure, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

{¶ 10} This court recognizes " 'plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice.' " *State v. Ferrell*, 10th Dist. No. 19AP-816, 2020-Ohio-6879, ¶ 24, quoting *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Saleh*, 10th Dist. No. 07AP-431, 2009-Ohio-1542, ¶ 68. To find plain error under Crim.R. 52(B), there must be an obvious defect in the trial proceedings caused by a deviation from a legal rule that clearly affected the outcome of the proceeding. *See Ferrell* at ¶ 24, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

## B. Legal Analysis

{¶ 11} Appellant posits that the trial court improperly considered the multiple, more serious, and unproven offenses alleged in the dismissed and amended counts when it sentenced him, thus violating his constitutional rights to due process and fundamental fairness.

{¶ 12} Appellant pled guilty to sexual battery in violation of R.C. 2907.03(A)(3), a felony of the third degree, as a stipulated lesser-included offense of Count 1, rape of a child under the age of 13. (*See* Aug. 21, 2023 Entry of Guilty Plea.) That provision prohibits a person from engaging in sexual conduct with another, who is not the spouse of the offender, when "[t]he offender knows that the other person submits because the other person is unaware that the act is being committed." R.C. 2907.03(A)(3).

{¶ 13} During the plea hearing, as to the underlying facts supporting appellant's plea of guilty to sexual battery as a third-degree felony, the state represented that appellant engaged in sexual conduct with U.T., who was 12 years old at the time, by inserting his penis into her vagina. (*See* Aug. 21, 2023 Plea Tr. at 8-9.) Appellant stipulated to those facts but maintained U.T. was 13 years old at the time of the incident. (Plea Tr. at 9.) On that point, we note that sexual battery is a felony of the ***second*** degree "[i]f the other person is less than thirteen years of age." R.C. 2907.03(B). Because appellant pled guilty to the amended count as a ***third***-degree felony sexual battery offense and the trial court accepted that plea, we presume the trial court accepted U.T. was 13 years old for purposes of appellant's plea.

{¶ 14} On appeal, appellant observes that the facts presented at the plea hearing were insufficient to support a guilty finding as to the crime of sexual battery under R.C. 2907.03(A)(3). (Brief of Appellant at 7.) Indeed, on review, it appears the facts recited by the trial prosecutor during that hearing were drawn directly from Count 1 of the original indictment charging appellant with the offense of rape of a child ***under the age of 13*** in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. (*Compare* Plea Tr. at 8-9, *with* May 16, 2023 Indictment.) In any event, appellant does not seek to withdraw his guilty plea or otherwise challenge the validity of his plea on appeal.

{¶ 15} Rather, appellant takes issue with the trial court's statement that "[i]t is [the] rape of a 12-year-old girl multiple times" immediately before imposing sentence. (Oct. 17, 2023 Sentencing Tr. at 11.) In so stating, appellant argues "the trial court demonstrably engaged in impermissible fact-finding" and transcended its discretion by indicating that appellant's maximum prison sentence was based, in part or in whole, on its conclusion that appellant is guilty of multiple higher dismissed or amended charges. (*See* Brief of Appellant at 10-14.)

{¶ 16} Appellant's argument is grounded in his contention that the trial court

improperly considered his reduced and dismissed rape charges. But his constitutional challenge to his sentence presumes that no facts supporting those charges were properly before the court. The record reveals otherwise. Specifically, the facts supporting the sentencing court's statement that "[i]t is a rape of a 12-year-old girl multiple times" (Sentencing Tr. at 11) were properly before the trial court through its review of the PSI report.

{¶ 17} Before imposing a sentence upon a defendant, R.C. 2929.19(B)(1)(a) requires a trial court to consider the record in the case, any PSI report, victim impact statements, and any information presented at the hearing by the defendant, the prosecuting attorney, the victim or the victim's representative, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. *See also* R.C. 2929.19(A). Among other things, R.C. 2951.03(A) requires the officer preparing the PSI report to "inquire into the circumstances of the offense."

{¶ 18} The trial court ordered a PSI report in this case. (Plea Tr. at 9.) That report was reviewed by trial counsel before sentencing (Sentencing Tr. at 2), and was made part of the record before us on appeal. On review, we find the PSI report summarized, in great detail, U.T.'s forensic interview describing six incidents of sexual abuse by appellant when U.T. was 12 years old. (*See* PSI Report at 4.) In relevant part, U.T. described appellant inserting his penis into her vagina once, attempting to do the same on another occasion, and forcing her to perform fellatio on him. (PSI Report at 4.) Critically, the PSI report indicated appellant admitted in his interview with police to receiving fellatio from U.T. and placing his penis inside of her vagina. (PSI Report at 4.) And, in the written statement appellant prepared in anticipation of his PSI interview, appellant recounted U.T. "perform[ing] oral sex on me" and attempting to have vaginal intercourse with U.T. but alleging that his penis "would not go in so I stopped." (PSI Report at 5.) Notably, appellant's trial counsel did not take exception with these portions of the PSI report. (*See* Sentencing Tr. at 5-6.)

{¶ 19} Before pronouncing appellant's sentence, the trial court indicated it reviewed the PSI report. (Sentencing Tr. at 10.) And, in fact, R.C. 2929.19(B)(1)(a) ***required*** the trial court to consider the PSI report before imposing appellant's sentence. The PSI report reviewed by the court described at least two rapes (e.g., "multiple") that occurred when U.T.

was 12 years old. It also summarized appellant's admission to raping U.T. at least twice. Contrary to appellant's contention, then, facts regarding the dismissed and reduced offenses were properly before the sentencing court for its consideration pursuant to R.C. 2929.19(B)(1)(a).

{¶ 20} "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Roberts v. Hutton*, 152 Ohio App.3d 412, 2003-Ohio-1650, ¶ 18 (10th Dist.), citing App.R. 9 and 16(A)(7). *See also State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549-50 (1944). "Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he or she relies." *Roberts* at ¶ 18. *See also Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 19. We have long recognized that it is "not appropriate for this court to construct the legal arguments in support of an appellant's appeal." *Roberts* at ¶ 18. *See also State v. England*, 10th Dist. No. 05AP-793, 2006-Ohio-5087, ¶ 16. " 'If an argument exists that can support this assignment of error, it is not this court's duty to root it out.' " *England* at ¶ 16, quoting *Roberts* at ¶ 18.

{¶ 21} Here, appellant ignores information contained in the record (through the PSI report) and fails to demonstrate his assigned error through an argument supported by citation to legal authority that is both relevant and instructive on the constitutional issue he purports to raise on appeal. Although appellant's sole assignment of error alleges the trial court's consideration of facts underlying the reduced and dismissed charges violated his constitutional rights to due process and fundamental fairness, appellant fails to specifically explain in his brief why—and under what authority—he believes that to be so. Nor does appellant challenge the constitutionality of R.C. 2929.19(B)(1)(a)'s requirement that a sentencing court consider information presented regarding "circumstances of the offense" in the PSI report. *See* R.C. 2951.03(A).

{¶ 22} Because appellant fails to present arguments as to why the trial court's consideration of information properly before it—***and that appellant admitted was true***—was unconstitutional, we do not address the merits of the constitutional issues raised on appeal. For these reasons, we overrule appellant's sole assignment of error.

## III. CONCLUSION

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the October 17, 2023 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.