[Cite as *Souders v. Lazor*, 2025-Ohio-4649.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEPHEN T. SOUDERS, | : | APPEAL NO. C-240613 |
| | | TRIAL NO. A-2305350 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| ANNA N. LAZOR, et al., | : | *JUDGMENT ENTRY* |
| Defendants, | : | |
| and | : | |
| RICK L. WEIL, ESQ., | : | |
| and | : | |
| NATHAN A. LENNON, ESQ., | : | |
| Defendants-Appellees. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the appeal is dismissed in part, and the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 10/8/2025 per order of the court.**

**By:**_____
          **Administrative Judge**

[Cite as *Souders v. Lazor*, 2025-Ohio-4649.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEPHEN T. SOUDERS, | : | APPEAL NO. C-240613 |
| | | TRIAL NO. A-2305350 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| ANNA N. LAZOR, et al., | : | *O P I N I O N* |
| Defendants, | : | |
| and | : | |
| RICK L. WEIL, ESQ., | : | |
| and | : | |
| NATHAN A. LENNON, ESQ., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: October 8, 2025

*Stephen Souders*, pro se,

*Rick L. Weil, Esq.*, pro se,

*Nathan A. Lennon, Esq.*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} In this limited appeal, we granted plaintiff-appellant Stephen Souders leave to appeal from the judgment of the Hamilton County Court of Common Pleas finding him to be a vexatious litigator. Souders challenges this determination, arguing that the trial court infringed on his "fundamental rights to seek justice." However, for the reasons set forth below, we overrule the assignment of error and affirm the judgment of the trial court. Further, we dismiss the portions of the appeal that go beyond the leave granted by this court to appeal.

## I. Factual and Procedural History

{¶2} In December 2023, plaintiff-appellant Stephen Souders initiated an action against eight named defendants and four "Jane Doe" defendants, arising from certain posts made in a Facebook group entitled, "Are We Dating the Same Guy Cincinnati/Dayton." The complaint first sets forth that a prior action was filed by Souders in June 2023 against six of the named defendants and was dismissed without prejudice by the trial court for failure to state a claim in September 2023. The new, "refiled" complaint summarizes the allegations as setting forth that the defendants "published and/or shared[] false, offensive, and defamatory statements concerning Plaintiff on Defendants' Facebook pages" and engaged in "acts of conduct" that include "criminal conduct[] and attorney-ethical violations." The 110-page complaint then sets forth allegations against each defendant and asserts claims for libel, false light, right of publicity, extortion, intimidation of a witness, menacing by stalking, telecommunications harassment, abuse of process, unprofessional conduct toward opposing counsel and the court, sanctions under R.C. 2323.51 and Civ.R. 11, "willful abuse of process to deprive of civil rights; 2nd, 4th, and 5th Amendments under US and Ohio Constitution," and breach of contract. The complaint also includes a "relative

law" section, and a number of exhibits.

{¶3}     Subsequently, all parties answered and/or filed motions to dismiss the complaint, with one defendant filing a motion for judgment on the pleadings.[1] Relevant to the parties to this appeal, two of the named defendants—defendants-appellees Nathan L. Lennon, Esq., and Rick L. Weils, Esq. ("appellees")—filed a motion to dismiss Souders' claims against them.  The motion to dismiss asserted that the allegations against them arose from representation of their clients in the first dismissed case and/or Lennon's representation of a named defendant in a separate civil-stalking-protection-order case against Souders.     Additionally, appellees subsequently answered the complaint and filed a joint counterclaim to declare Souders a vexatious litigator under R.C. 2323.52.  In response, Souders moved to dismiss the counterclaim for failure to state a claim.

{¶4}     Ultimately, in May 2024, the trial court dismissed Souders' complaint with prejudice against all defendants and denied Souders' motion to dismiss the vexatious-litigator counterclaim.  Souders appealed from this judgment, but this court dismissed the appeal for lack of a final, appealable order in the appeal numbered C-240283.[2]  Souders thereafter moved for reconsideration of the trial court's decision, but the motion was denied.  Souders also requested findings of fact and conclusions of law regarding the denial, but the trial court denied the request as improper under Civ.R. 52.

{¶5}     Further, appellees filed a motion for summary judgment on their vexatious-litigator counterclaim.  The motion claimed that, since at least 2016,

---

[1] One defendant, Melissa Greve, also filed counterclaims for malicious prosecution, sanctions, and libel.

[2] The dismissal was based on the pending counterclaims and the lack of Civ.R. 54(B) "no just cause for delay" language in the entry.

Souders "has engaged in *pro se* litigation conduct across numerous cases within the State of Ohio that have had no basis in law, and only served to delay, harass, and unduly expense the rights of other litigants."

{¶6}     According to the motion, the complaints filed in Hamilton County by Souders stemmed from his "spurned attempts" to date defendant Anna Lazor.  After Lazor and Souders matched on a dating app and began talking, Lazor posted Souders' photo "to a community of local women" to gather background information on Souders, where she learned of several negative encounters with him.  Lazor then attempted to stop communicating with Souders, but he continued to contact her—despite being blocked—on other social-media accounts, either as himself or while using a fake profile.  Simultaneously, Souders sent a cease-and-desist letter to Lazor's home address, demanding that she remove the post about him.  Concerned about her personal safety and how Souders knew her address, Lazor filed for a civil stalking protection order ("CSPO") in Warren County where she resides.  *See Lazor v. Souders*, 2024-Ohio-774 (12th Dist.).  Shortly thereafter, Souders initiated the first Hamilton County action in the case numbered A-2302516 ("*Souders I*").  Ultimately, the Hamilton County case was dismissed, and Lazor was granted a CSPO in the Warren County case.  Thereafter, Souder initiated the instant action.

{¶7}     The substance of the summary-judgment motion argued that Souders engaged in conduct intended to harass or maliciously injure the defendants in the Hamilton County actions, including obligating the defendants to "expend significant time, money, and effort to combat his frivolous litigation," and asserting disparaging allegations against the defendants that were wholly irrelevant to his claims.  The motion further argued that Souders' claims were unwarranted and had no good-faith basis in the law, and claimed that Souders persistently requested the same relief,

5

regardless of prior rulings.

{¶8} The motion also pointed to other cases, outside of the instant matter, to show that Souders "has a long history of needlessly and meritlessly complicating other cases."

{¶9} The motion incorporated 18 exhibits, totaling over 500 pages, that included, among other things, (1) the hearing transcript from the Warren County CSPO case, (2) the CSPO and related Warren County motions and decisions, (3) documents pertaining to the appeal from the CSPO decision, and (4) the complaint and other filings from *Souders I*.

{¶10} Souders responded in opposition to summary judgment, arguing generally that appellees failed to meet their burden to show that he is a vexatious litigator where his conduct was neither habitual or persistent and was based on reasonable grounds. The response also contained extensive arguments asserting how the trial court allegedly erred in dismissing his complaint.

{¶11} The trial court ultimately granted summary judgment in favor of appellees and declared Souders to be a vexatious litigator. First, the trial court acknowledged the appellees' assertions about Souders in other cases, outside of this matter, but found that it need not analyze his conduct in those cases "as his conduct in the cases before [the] Court is sufficient to declare him a vexatious litigator under R.C. 2323.52." The court went on to find that Souders "filed multiple motions and briefs that include statements wholly irrelevant to this lawsuit and repeatedly reargues issues this Court has already decided." The court noted that over 13 pages of his response in opposition to summary judgment was focused on challenging the court's dismissal of his claims, rather than addressing the summary-judgment motion. Additionally, the court found that Souders used "incomplete, incorrect, irrelevant," or

nonexisting legal citations in his motion for reconsideration of the court's dismissal of his complaint and moved for findings of fact and conclusions of law when it was not warranted under the law or made on a good-faith basis under existing law. Even further, the court found that Souders' conduct "serves to harass or maliciously injure Defendants," where he asserted irrelevant statements against the defendants such as stating that certain defendants expressed a desire to be sexually intimate with him, attempted to solicit him to purchase a membership to her OnlyFans account, or suffered from a mental illness. Therefore, the trial court ordered that Souders must obtain leave of court before

> (1) instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court; (2) continuing any legal proceedings that the vexatious litigator instituted in any of the courts specified herein prior to this order; and (3) making any application, other than an application for leave to proceed under R.C. 2323.52(F)(1), in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified herein.

{¶12} Sounders subsequently filed a motion for leave to appeal several of the trial court's judgments. However, this court only granted leave for Sounders "to appeal the trial court's ruling that he is a vexatious litigator." Thus, any issue beyond the determination that he is a vexatious litigator is beyond the scope of the leave granted by this court to appeal.

## II. Analysis

{¶13} Souders now raises four assignments of error for this court's review.

{¶14} In his first assignment of error, he argues that the trial court "committed a clear error of judgment and failed to consider relevant factors when dismissing the

appellant's grievances for alleged reasons of 'vagueness,' 'insufficient claim for relief,' and the misapplied belief that 'no civil liability exists for criminal acts.'"

{¶15} In his second assignment of error, he argues that the trial court "exceeded its judicial discretion and errored [sic] by dismissing the plaintiff's claims with prejudice."

{¶16} In his third assignment of error, he argues that the trial court "lacked a legal basis when it denied plaintiff's motion for reconsideration."

{¶17} In his fourth assignment of error, he argues that the trial court "excessively leverages its powers by identifying the plaintiff as a vexatious litigator, infringing on his fundamental rights to seek justice."

### A. The Scope of the Appeal

{¶18} As an initial matter, appellees argue that the only matter properly before this court is the trial court's determination that Sounders is a vexatious litigator. They assert that this court lacks jurisdiction to address the arguments pertaining to the dismissal of Souders' claims (assignments of error one, two, and three).

{¶19} In the first assignment of error, Sounders—in essence—challenges the trial court's dismissal of his complaint and argues that the trial court erred in finding that no civil liability exists for criminal conduct and finding that his complaint failed to state a claim. In the second assignment of error, Souders challenges the dismissal of his claims with prejudice, arguing that such a harsh sanction was unwarranted "irrespective of the merit" of his claims. In the third assignment of error, Souders challenges the trial court's denial of his motion for reconsideration regarding the dismissal of his claims.

{¶20} As suggested by the appellees, all three of these assignments of error are beyond the scope of leave granted to appeal. Therefore, we dismiss this portion of the

appeal. *See Ijakoli v. Alungbe*, 2024-Ohio-5287, ¶ 63-67 (1st Dist.) (holding that this court lacked jurisdiction over an assignment of error that went beyond the scope of the leave granted to a vexatious litigator to appeal).

### B. *Fourth Assignment of Error*

**{¶21}** In the fourth assignment of error, Souders asserts that the trial court "excessively leveraged its powers by identifying [him] as a vexatious litigator, infringing on his fundamental rights to seek justice." In essence, he argues that his classification as a vexatious litigator violates his First Amendment right to "seek redress of his grievances."

**{¶22}** In support of this argument, he cites to "*White v. Gainer*, No. 06-C-367, 2007 U.S. Dist. LEXIS 27813, at * 19 (N.D. Ill. Apr. 9, 2007)." However, this case does not exist.

**{¶23}** Nonetheless, in *Deters v. Briggs*, 1998 Ohio App. LEXIS 6419 (1st Dist. Dec. 31, 1998), this court addressed a First Amendment challenge to R.C. 2323.52. Recognizing the burden that frivolous filings place on the court system and the inherent authority of courts to provide relief against frivolous filings and abuses, this court held that "the restriction on First Amendment activity imposed by R.C. 2323.52 is constitutionally permissible" because "it furthers an important governmental interest in a reasonable manner." *Id.* at *5-6. Further, the Ohio Supreme Court has said that R.C. 2323.52

> 'is not designed, nor does it operate, to preclude vexatious litigators from proceeding forward on their legitimate claims. Instead, it establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a case-by-case basis, for a determination of whether any proposed action is abusive or groundless.'

9

*Helfrich v. Hall*, 2022-Ohio-1852, ¶ 23 (5th Dist.), quoting *Mayer v. Bristow*, 91 Ohio St.3d 3, 14 (2000).

**{¶24}** Thus, the classification of Souders as a vexatious litigator does not prevent him from seeking redress for his *legitimate* grievances. *See id.* ("The screening process does not prevent appellant from pursuing his legitimate claims in the court system provided that they are legitimate claims."); *Mayer* at *16 (holding that R.C. 2323.52 does not "deny vexatious litigators their constitutional right of access to the courts."); *Borger v. McErlane*, 2001 Ohio App. LEXIS 5544, *17 (1st Dist. Dec. 14, 2001), citing *Mayer* at paragraph one of the syllabus, ("[T]he order in question, requiring [appellant] to obtain leave of the trial court to institute a legal proceeding, was an appropriate, narrowly tailored means to screen legitimate claims from the abusive, groundless claims that she has pursued in the past.").

**{¶25}** Beyond that, Souders makes only a conclusory assertion that "the litigation pursued by him was neither frivolous in nature nor intended to cause harm or injury to any party." In doing so, he does not cite the record or advance an argument specifically addressing the trial court's findings under R.C. 2323.52, appellees' motion for summary judgment, or any of his claims.

**{¶26}** "An appellant bears the burden to provide legal and factual support for arguments that [he or] she brings before this court, as prescribed by the Ohio Rules of Appellate Procedure and our local rules." *Guthrie v. Guthrie*, 2024-Ohio-5581, ¶ 12 (1st Dist.), citing App.R. 16(A)(7). "It is not the job of this court to develop or root through the record and relevant authorities to find support for a party's position." *Id.*, citing *Olthaus v. Nieson*, 2023-Ohio-4710, ¶ 11 (1st Dist.).

**{¶27}** "This court has repeatedly explained that it "'it will not create an argument in support of an assignment of error where an appellant fails to develop

one."'" *State v. Williams*, 2025-Ohio-1345, ¶ 40 (1st Dist.), quoting *Twang v. City of Cincinnati*, 2024-Ohio-6077, ¶ 92 (1st Dist.). Further, "'"[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."'" (Emphasis in original.) *Fontain v. Sandhu*, 2021-Ohio-2750, ¶ 13 (1st Dist.), quoting *State ex. Rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10. "Pro se appellants are required to comply with the rules of practice and procedure just like members of the bar." *Id.*, citing *Curry v. Mansfield*, 2020-Ohio-4125, ¶ 6 (5th Dist.).

{¶28} Even considering all the arguments made under all four assignments of error within the context of the vexatious-litigator finding, Souders fails to make any argument as to why any of the claims in his complaint were warranted under the law or why he had reasonable grounds for any of his actions. Instead, Souders simply asserts that he sufficiently pled "lawless" or "wrongful" conduct. In doing so, a majority of the cases he cites in support of his argument either do not exist or do not stand for what he claims they do. Further, he fails to specifically reference even a single claim—out of eleven—in his complaint when making his arguments. Beyond that, Souders does not present any argument as to the adequacy of appellees' summary-judgment motion or make any specific challenge to any of the trial court's findings under R.C. 2323.52.

{¶29} Because Souders failed to form an argument as to why his claims were warranted under the law or why he had reasonable grounds for his actions and further fails to set forth any argument challenging the adequacy of appellees' summary-judgment motion or the trial court's findings under R.C. 2323.52, he failed to meet his burden to show error on appeal.

### *III. Conclusion*

**{¶30}**  For the foregoing reasons, we overrule the fourth assignment of error and affirm the judgment of the trial court declaring Souders a vexatious litigator. Further, we dismiss the portions of the appeal that go beyond the leave granted by this court to appeal.

Judgment accordingly.

**NESTOR** and **MOORE, JJ.,** concur.